GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. J. H. NASS ET AL.

No. 947.  Decided December 17, 1900.

1.  Concurring Negligence—Indemnity—Car Service.

In the absence of contract for indemnity by a railway company furnishing its cars for use on another road, such owner of the car is not liable to the one using it for damages recovered from the latter by its employe and caused by defects in the car. (Pp. 258, 259.)

2.  Same.

A brakeman injured by a fall from a car caused by the giving way of a "handhold" through decay of the wood to which it was fastened, sued his employer for damages and the latter sought judgment over against the connecting company owning the car and furnishing it for use, for the amount so recovered. Held, that the defendant company could only be liable to its employe for its own negligence in failing to make proper inspection, and this being a proximate cause of the injury it could have no recovery over. (Pp. 257-259.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Nass sued the Galveston, Harrisburg & San Antonio Railway Company and the latter made the International & Great Northern Railway Company defendant to its suit to recover indemnity. Plaintiff had judgment against defendant and the latter had judgment over for a like amount against the International & Great Northern Railway Company. On appeal the recovery over against the latter company was reversed and the company discharged of liability. The Galveston, Harrisburg & San Antonio Railway Company thereupon obtained writ of error.

*Upson, Newton & Ward,* for plaintiff in error.—The Court of Civil Appeals erred in reversing the judgment rendered herein in favor of the defendant the Galveston, Harrisburg & San Antonio Railway Company against defendant International & Great Northern Railway Company for the amount of the judgment recovered by plaintiff against defendant Galveston, Harrisburg & San Antonio Railway Company, and rendering judgment in favor of the International & Great Northern Railway Company, because under the pleading and evidence defendant Galveston, Harrisburg & San Antonio Railway Company was entitled to a judgment against the defendant International & Great Northern Railway Company, and there was no error in the judgment of the trial court in this respect. Const., 1876, sec. 1, art. 10; Rev. Stats., arts. 4535, 4536, 4537, 4538, 4539; Rev. Stats., art. 4562, subdiv. 5, 6, 10; Rev. Stats., art. 4574, subdiv. 2; Oglesby v. Railway, 51 S. W. Rep., 768; Mackin v. Railway, 135 Mass., 201; Baldwin v. Railway, 50 Iowa, 680; Ballou v. Railway, 5 Am. and Eng. Ry. Cas., 482; note under head Master and Servant, 59 Am. and Eng. Ry. Cas., 151; also 198; Bailey v. Railway, 139 N. Y., 304; Cooley on Torts,

144-166; Thomp. on Corp., sec. 10, p. 442; Patterson Ry. Acc. Law, secs. 241, 290; 2 Rorer on Railroads, 1090; Whitaker's Smith on Neg., 481; Elliott on Railroads, sec. 617, note 3; 7 Am. and Eng. Enc. of Law, 2 ed., pp. 364-366, and notes; Railway v. Hathaway, 75 Texas, 557; Railway v. Railways, 83 Texas, 515; Moon v. Railway, 48 Am. and Eng. Ry. Cas., 196; Railway v. Snyder, 45 N. E. Rep., 559; Railway v. Sutherland, 89 Va., 703; see exhaustive notes to Village of Carterville v. Cook, 16 Am. St. Rep., 254; Acheson v. Miller, 2 Ohio St., 203; Adamsen v. Jarvis, 4 Bing., 66; Wooley v. Batte, 2 Car. & P., 417; Thweatts, Admr., v. Jones, 1 Rand, 328; Farwell v. Becker, 129 Ill., 267; Armstrong Co. v. Clarion Co., 66 Pa. St., 218; Bailey v. Bussing, 28 Conn., 455; Jacobs v. Pollard, 10 Cush., 287; Coventry v. Barton, 17 Johns., 141; Vandiver v. Pollak, 54 Am. St. Rep., 123.

*N. A. Stedman* and *Denman, Franklin, Cobbs & McGown,* for defendant in error.—A railroad using the cars of another company is liable to its employes for injuries resulting from defects in the car. Elkins v. Railway, 33 Atl. Rep., 74; Dooner v. Canal Co., 30 Atl. Rep., 269; Railway v. Avery, 17 Am. and Eng. Ry. Cas., 652; Gottlieb v. Railway, 100 N. Y., 462; Fay v. Railway, 15 N. W. Rep., 241; Railway v. Kernan, 78 Texas, 297.

It would be contrary to public policy and greatly to the detriment and danger of employes if the carrier upon whom this duty is imposed by law could by recovery over shift that duty to a third party and escape liability by saying that the third party was negligent. It would encourage negligence.

A railroad company permitting another to use its cars for the accommodation of the other company owes it no duty of inspection; its sole duty is not to knowingly furnish a defective car. Railway v. Mulholland, 67 L. J. P. C., N. S., 1; McCarthy v. Young, 9 Moak's Rep., 439; Coughlin v. Gillison, 68 L. J. Q. B., N. S., 147; Hawen v. Render, 30 Moak's Rep., 749; Indermaur v. Dames, 14 Moak's Rep., 586; Railway v. Mulholland, 77 L. T., N. S., 570.

The seller or lender of a machine passing from his control to that of another is not liable for injury to a third party from defects in the machine. Railway v. Culberson, 72 Texas, 378; Losee v. Clute, 51 N. Y., 495; Kahl v. Love, 37 N. J. L., 5; Heizer v. Kingsland, 110 Mo., 605; Perez v. Rabaud, 76 Texas, 191; Edwards v. Railway, 50 Am. Rep., 659; Freeman v. Hunnewell, 39 N. E. Rep., 1012; Railway v. Moore, 27 S. W. Rep., 962; Winterbottom v. Wright, 10 Mees. & W., 109; Caughtry v. Globe Co., 15 Am. Rep., 387; Curtain v. Somerset, 21 Atl. Rep., 244.

A railroad company transferring one of its cars to another company can not be held liable to the employe of the latter company for an injury received by him after the car has passed beyond the inspection point of the receiving company, through defects in such car existing prior to its transfer. Railway v. Glynn, 17 Am. and Eng. Ry. Cas.,

N. S., 482; Sawyer v. Railway, 33 Am. and Eng. Ry. Cas., 394; Railway v. Berry, 46 Law. Rep. Ann., 48; Kahl v. Love, 37 N. J. L., 5; Electric Co. v. Garden, 39 U. S. A., 416; Rehm v. Railway, 30 Atl. Rep., 356.

Again, if the duty were due from both companies to Nass, they were joint wrongdoers, and equally negligent, hence neither can claim indemnity or contribution. Railway v. Railway, 83 Texas, 509; Denison v. Sanford, 21 S. W. Rep., 785; Railway v. Doherty, 15 S. W. Rep., 44; Railway v. Croskell, 6 Texas Civ. App., 160; Oceanic Nav. Co. v. Company, 31 N. E. Rep., 989; Shearm. & Redf. on Neg., sec. 24a.

*J. R. Norton, Perry J. Lewis,* and *H. C. Carter,* for J. H. Nass.

BROWN, Associate Justice.—J. H. Nass sued the Galveston, Harrisburg & San Antonio Railway Company for damages arising out of personal injuries received by him while in the employ of the company as brakeman on its train, which injuries occurred through the breaking of a hand-hold upon the car on which he was working. The car belonged to the International & Great Northern Railway Company, a connecting carrier, which had delivered the car to the Galveston, Harrisburg & San Antonio Railway Company to be by it delivered at the point of destination on its line. The Galveston, Harrisburg & San Antonio Railway Company pleaded over against the International & Great Northern Railway Company, making it a party defendant and asking for judgment against it for whatever amount Nass might recover in that suit.

From the conclusions of fact filed by the Court of Civil Appeals, we make the following statement: The car was the property of the International & Great Northern Railway Company and was transferred and delivered to the Galveston, Harrisburg & San Antonio Railway Company at San Antonio, to be by the latter company transported on its line to its destination. The Galveston, Harrisburg & San Antonio Railway Company made inspection of the car at the time of receiving it, but the inspection was not properly and carefully done. When Nass was attempting to climb upon the car in the discharge of his duty, a hand-hold broke loose, the wood to which it was attached being rotten, and caused him to fall upon another track, striking the small of his back on a rail, thereby inflicting a serious injury. The inspector of the International & Great Northern Railway Company had, on the same day and before the delivery of the car to its connecting carrier, inspected it. The defect was such as could have been discovered by a careful inspection. There was no agreement between the two companies which would require the delivering company to respond to the other in respect to unsafe cars that might be delivered. No partnership existed between the two roads in reference to the hauling of cars.

Upon the trial, the judge instructed the jury that in case they should

find any sum in favor of the plaintiff against the Galveston, Harrisburg & San Antonio Railway Company, they would also find in favor of that company the same sum against the International & Great Northern Railway Company. The jury returned a verdict in favor of the plaintiff against the Galveston, Harrisburg & San Antonio Railway Company and in favor of that company against the International & Great Northern Railway Company for the same sum. The Court of Civil Appeals affirmed the judgment as between the Galveston, Harrisburg & San Antonio Railway Company and J. H. Nass and reversed the judgment of the District Court as between the two railroad companies, entering judgment that the International & Great Northern Railway Company go hence without day.

We find no error in this judgment as between the plaintiff in error and the defendant in error Nass, and the judgment between them will be affirmed.

To save frequent repetition of the names of the different corporations, the Galveston, Harrisburg & San Antonio Railway Company will be designated as plaintiff and the International & Great Northern Railroad Company as defendant. The plaintiff claims that the defendant is liable to it for the amount that was adjudged against it in favor of Nass because the defendant owned the car upon which Nass was engaged at the time he was injured, and had delivered it to the plaintiff for the purpose of being transported on its line. The substance of the claim is that, in delivering the car, the International & Great Northern Railroad Company owed to the plaintiff and to its employes the duty to use ordinary care to see that it was in a reasonably safe condition for use by plaintiff's employes, and that the defendant negligently failed to perform that duty. It is claimed that Nass had the right to recover against either or both of the railroad companies, and that the plaintiff company, having suffered a recovery on account of the injury, has the right to be indemnified by the defendant company. If it were necessary to determine the question of liability of the defendant to Nass, we are not prepared to say that the International & Great Northern Railway Company would be liable to him. The authorities upon that question are quite conflicting, but we need neither to discuss nor to decide it; for, if it be admitted that Nass might have recovered against either or both of the railroad companies, still . the question arises, can the plaintiff, after having suffered a recovery by an injured employe, enforce indemnity against the defendant whose car he was using at the time of the injury? Assuming that defendant owed the duty to Nass to inspect the car before it was delivered and to exercise ordinary care to see that it was reasonably safe for use, it was equally the duty of the plaintiff, for the protection of its own employes, to exercise a like degree of care by inspecting that car before it was used, and, for a failure to do so, it was liable as if it had been its own property. Railway v. Kernan, 78 Texas, 297. If the plaintiff was not guilty of negligence in receiving and placing the car in the hands of its

employes for use, it was not liable to Nass for his injury, and if not liable to him it could not recover indemnity against the defendant railroad company, although the latter might be liable to Nass. On the other hand, if the plaintiff was guilty of negligence in failing to perform its duty which caused injury to Nass for which a judgment was recovered against it, its negligence was, as between it and Nass, the proximate cause of the injury, otherwise he could not have recovered against it, and if the negligence of the plaintiff was the proximate cause of the injury, then, so far as the defendant is concerned, it may properly- be said that the plaintiff contributed to the injury for which it seeks to recover. This case is analogous to that class in which it is held that where a parent negligently permits a young child to go into danger whereby it is injured, no recovery can be had by the parent, although the child may recover for its injuries. The very foundation principle of public policy that denies recovery in such cases becomes more sternly imperative in forbidding it on the part of a railroad company which is charged with the inspection of foreign cars before using them, in order to protect its own employes; because, if that were allowed, the negligent party would be offered an inducement to relax its vigilance in the protection of those who are largely dependent upon it for their safety in the performance of hazardous duties. The Court of Civil Appeals finds that both companies were guilty of negligence which shows that plaintiff contributed to the injury, which bars its right of action, if it otherwise could maintain it.

We are of opinion that there is no error in the judgment of the Court of Civil Appeals in holding that the International & Great Northern Railway Company was not liable to the Galveston, Harrisburg & San Antonio Railway Company upon its plea over in this case, and the judgment of the Court of Civil Appeals is therefore affirmed.

*Affirmed.*