ELIZABETH S. KAMPMANN V. I. N. ROTHWELL ET AL.

No. 1829. Decided May 6, 1908.

**1.—Negligence—Sidewalk Construction—Independent Contractor.**

Where the obstruction or defect in a sidewalk which causes injury, results directly from the acts which the maker or repairer is employed to do, the person who employs him and authorizes him to do those acts is liable to the injured party though the work is done by an independent contractor. (P. 539.)

**2.—Same—Liability of Contractor.**

One contracting to make repairs in a sidewalk for the owner which necessarily operate as an obstruction and danger to travel thereon, assumes the duty of placing such warnings of the danger to pedestrians as the law requires of the owner, and is liable over to him for damages recovered by one using the walk and occasioned by the contractor's failure to provide such warning. (Pp. 539, 540.)

**3.—Same—Case Stated.**

Independent contractors who had constructed a cement sidewalk for the owner of property, part of which proved defective, undertaking to repair same, placed planks over the repaired portion to temporarily protect it while hardening, which constituted an obstruction, and through their failure to provide warning of the danger caused injury to one passing at night. Held that the owner of the property was liable to the injured person for his damages, and the contractors were liable over to the owner for the damages so recovered. (Pp. 538–540.)

**4.—Pleading.**

Pleading which is meager in its allegations of fact may support a recovery in the absence of exceptions. (P. 540.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Rothwell sued Mrs. Kampmann for personal injuries caused by defects in her sidewalk while undergoing construction. Defendant made the contractors, Fitzgerald and Basille defendants to a plea to recover over against them. Judgment went for plaintiff against defendant and in favor of the contractors on defendant's plea against them, Mrs. Kampmann appealed, and on affirmance obtained writ of error.

*Denman, Franklin    McGown,* for plaintiff in error.—There was no legal obligation resting upon appellant to keep her sidewalk clear of obstruction. If liable at all, it would be either because she had placed the obstruction upon the sidewalk or caused same to be placed thereon, or had violated some ordinance of the city in placing the obstruction thereon, and that such violation was the proximate cause of the injury. Owner not liable for obstructions on sidewalks not caused by himself. Amos v. City of Fond du Lac, 46 Wis., 695; Dillon on Munic. Corp., sec. 1012; Moore v. Gadsden, 87 N. Y., 85; *Idem,* 93 N. Y., 15; Kirby v. Boylston M. Assn., 14 Gray, 249. Owner under no duty to keep sidewalk free of obstruction. Same authorities. That the alleged obstruction having been placed on the walk by contractors who had completed the work they had been employed to do, Mrs. Kampmann is not liable for injuries resulting therefrom. Vol. 16 Am. & Eng. Ency. Law, p. 192; Cunningham v. International Ry., 51 Texas, 503; Wallace v. Southern Oil Co., 91 Texas, 18; Richmond v. Sitterding, 65 L. R. A., 445, and exhaustive note thereto. That Fitzgerald and Basille were independent contractors: Independence v. Slack, 34 S. W. Rep., 1094; Shute v. Princeton, 59 N. W. Rep., 1050. That Fitzgerald and Basille were not servants of Mrs. Kampmann. Independence v. Slack, supra. The work Mrs. Kampmann employed Fitzgerald and Basille to do was not intrinsically dangerous nor probably injurious. Independence v. Slack, supra; Houston v. Isaacks, 68 Texas, 116; Cameron Mill & Elev. Co. v. Anderson, 98 Texas, 156; Hexamer v. Webb, 101 N. Y., 377; Chicago E. F. Gas Co. v. Myers, 168 Ill., 139; Wilber v. Follansbee, 97 Wis., 577.

Fitzgerald & Basille were independent contractors, whether they were is at least a question of fact. But, if not, they were employed by Mrs. Kampmann to repair a sidewalk, not to place obstructions thereon. She is in no sense an active tort feasor nor in pari delicto with Fitzgerald & Basille and her right to a recovery against them should have been submitted to the jury. Lowell v. Boston, etc., 23 Pick., 24; Chesapeake, etc., Canal Co. v. Allegany Co., 40 Am. Rep., 435; Churchhill v. Holt, 127 Mass., 165; Gray v. Boston Gas Light Co., 114 Mass., 149; Campbell v. Somerville, 114 Mass., 334; Corsicana v. Tobin, 23 Texas Civ. App., 492.

*Nat. B. Jones,* for defendant in error, Rothwell.—Where an employer retains the right to determine and direct the manner in which the work is to be done, to point out the dangers to be avoided and

fix the extent to which the work shall be carried on, he is liable for negligence in the doing of it, although it is let by the job to one who supplies laborers and materials. The principal is the employer and not the contractor, and the latter and his laborers are the servants of the former. In this situation there is a duality of service. Atlantic Trac. Co. v. Coneys, 82 Fed. Rep., 177; New Orleans M. & C. Ry. Co. v. Hanning, 15 Wall., 649; Taylor, B. & H. R. v. Warner, 88 Texas, 642; Beck v. Hood, 185 Pa. St. R., 32-39; Atl. Rep., 842; Driscoll v. Towle, 181 Mass., 416; 63 N. E., 422; Roe v. Winston, 86 Minn., 77, 86 N. W., 122.

So "the absolute test is not the exercise of the power of control, but the right to exercise the power of control." This must be contracted—away and foregone to prevent the relation of master and servant arising. It is not in any sense ever necessary that there should have been actual guidance and control of the work. Linnehan v. Rollins, 137 Mass., 123; Bark v. Bousfield, 65 Minn., 355, 68 N. W., 45; Congregation v. Smith, 163 Pa., 561, 30 Atl., 279; Wallace v. Southern Oil Co., 91 Texas, 20.

Anyone who places or causes to be placed, as appellant did, such a covering and obstruction in a much-used public sidewalk like that, and who neglects to protect the same by lights, ropes or other guards, is guilty of negligence by the common law. 1 Shear. & Red., Negligence, sec. 359; Beck v. Hood 185 Pa. St., 32.

*Houston Bros.* and *L. J. Boyle,* for defendants in error, Fitzgerald & Basille.—It was the duty of appellant to properly guard and protect the public against the danger incident to the sidewalk repairs, and, unless appellees Fitzgerald & Basille contracted to perform this duty, appellant could not recover against them. There being no pleading or evidence in the case showing or tending to show such an undertaking by them, the trial court properly instructed a verdict in favor of appellees Fitzgerald & Basille. Cameron Mill & Elevator Co. v. Anderson, 34 Texas Civ. App., 105, 98 Texas, 156.

If the obstruction which caused plaintiff's injuries was collateral to the work of repairing the sidewalk and the result entirely of the wrongful act of appellees, then there could be no recovery against appellant, and, therefore, no recovery over against appellees, Fitzgerald & Basille, and the trial court properly instructed a verdict in their favor. Same authorities.

Wrongdoers can not have contribution against each other where the person seeking redress must be presumed to have known he was doing an illegal act. If, therefore, appellees Fitzgerald & Basille and appellant Kampmann are joint tort feasors under the facts in this case, there can be right of contribution to her, since the work was done in violation of the city ordinance of the city of San Antonio. Vandiver v. Pollak, 19 L. R. A., 628; Armstrong County v. Clarion Co., 5 Am. Rep., 368; Atkins v. Johnson, 5 Am. Rep., 260.

Appellant, by way of cross action against these appellees alleges that she employed them, as independent contractors, to repair the sidewalk upon which the plaintiff claims to have been injured by reason of obstructions negligently placed upon said sidewalk; that

if plaintiff was so injured through any defects in said sidewalk, or obstructions thereon, the same were placed upon said sidewalk by appellees in repairing said sidewalk, under their contract with her, and if they were guilty of negligence, as alleged in plaintiff's petition, they were and are the active wrongdoers and persons primarily liable to the plaintiff herein; she asks that in the event plaintiff recover of her she have judgment over against them. The general demurrer is urged upon the proposition of law that a defendant can not show against one made a party by him a right to indemnity against the judgment to be recovered by plaintiff, by alleging facts which would necessarily defeat plaintiff's right to recover. City of San Antonio v. Hildebrand & Hamilton, 94 Texas, 266.

If the obstruction was not a necessary incident to the work and negligently placed on the sidewalk by appellees, as alleged in the cross bill, then plaintiff could not recover against appellant, and her cross bill does, therefore, not allege a cause of action against appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

Mrs. Kampmann owned a home in San Antonio situated at the southeast corner of 4th Street and Avenue E. Sometime anterior to the date of Rothwell's injury Mrs. Kampmann employed Fitzgerald & Basille upon terms which made them independent contractors to build a sidewalk in front of her property and they did construct it in accordance with and under the said contract. Sometime thereafter a break appeared in the sidewalk and Mrs. Kampmann called upon the contractors, Fitzgerald & Basille, to repair it, claiming that they should do so under the contract for its construction, and refused to pay them anything for it and did not pay them anything for the repair. Fitzgerald & Basille denied their obligation to repair the work and claimed that the break had occurred by reason of Mrs. Kampmann turning water upon it; but they finally did, without any further contract, proceed to make the repairs of the walk at the place pointed out. Mrs. Kampmann gave no directions as to how the work should be done, or anything connected with it, except to point out the place where it was to be done. The contractors took out a section of the sidewalk, about six feet long, and replaced it with fresh cement and concrete, and, in order to protect it from injury by persons walking over it, laid planks lengthwise upon it. The walk was on the side of a public street running in front of Mrs. Kampmann's property, which was a public highway in the city of San Antonio. There was no guard rail or other protection placed around the said sidewalk to prevent persons from walking upon it, nor was there any light or signal placed there to notify pedestrians of the existence of the planks on the sidewalk.

Rothwell was passing along the sidewalk at night and not observing the obstruction upon the sidewalk, fell over the ends of the planks, inflicting upon himself serious injury, which, for the purposes of this opinion, are not necessary to describe.

Rothwell brought suit against Mrs. Kampmann for damages on account of the said injuries and she pleaded over against Fitzgerald & Basille to make them responsible for any damage that she might

have to pay. The case was tried before a jury and the court instruct-
ed the jury to return a verdict in favor of Fitzgerald & Basille, and
submitted the case upon the charge against Mrs. Kampmann, where-
upon the jury returned a verdict as directed in favor of Fitzgerald &
Basille, and also a verdict against Mrs. Kampmann in favor of the
plaintiffs.

Setting aside the issue presented by the parties as to whether
the ordinance of the city of San Antonio applied to Mrs. Kampmann
with regard to this work, and also assuming that Fitzgerald &
Basille were independent contractors, we must hold that Mrs. Kamp-
mann was liable to Rothwell for the injury caused by the negligence
of the contractors in failing to place a signal or guard at the place
where Mrs. Kampmann's sidewalk was repaired, whereby Rothwell,
in passing upon the sidewalk, a public highway, received his injury.
The rule of law applicable to this case is aptly stated by the Supreme
Court of the United States in the case of Robbins v. Chicago City,
4 Wall., 678. That court said: "The party contracting for the
work was liable . . . where the work to be .done necessarily con-
stituted an obstruction or defect in the street or highway which
rendered it dangerous as a way for travel and transportation, unless
properly guarded or shut out from public use; that in such cases
the principal for whom the work was done could not defeat the
just claim . . . of the injured party by proving that the work
which constituted the obstruction or defect was done by an inde-
pendent contractor. . . . Where the obstruction or defect which
occasioned the injury results directly from the acts which the con-
tractor agrees and is authorized to do, the person who employs the
contractor and authorizes him to do those acts is equally liable to
the injured party." (Chicago v. Robbins, 2 Black, 426; Penny v.
Wimbleton Dist. (1898), 2 Q. B. Div., 212; Chesapeake & A. C. Co.
v. Commissioners, 57 Md., 201, 40 Am. Rep., 430; Covington & C.
Bridge Co. v. Steinbrock, 61 Ohio St., 215.)

Fitzgerald & Basille being independent contractors, that is, doing
the work without supervision on the part of Mrs. Kampmann, were
required to do whatever the law required Mrs. Kampmann to do
in repairing that part of the sidewalk, and according to the testi-
mony, their work was not complete until they had put the protection
of the planks over the new cement to protect it from impressions
which would be made by those who might walk over it. To state
the facts shows that the planks as they are described, nailed to a
cross piece at each end and extending for six feet along the side-
walk, necessarily obstructed the travel by footmen upon that sidewalk,
and thus it is brought within the rule laid down as quoted above.
It is a matter of such common knowledge as to require the contrac-
tors to take notice of it that the sidewalk would be used by pedes-
trians at night and that one who had no notice of the existence of
such an obstruction would be liable to stumble upon it just as
Rothwell did and thereby sustain an injury. It becomes the duty
therefore of the contractors to guard against such an event by
placing guards around the work so as to prevent persons passing
over the sidewalk from coming in contact with the obstruction, or

by placing lights near by so as to notify persons who might be passing of the existence of such obstruction. Nothing of this kind was done in this instance, therefore the liability of Mrs. 'Kampmann and of the contractors is beyond question.

Whether Fitzgerald & Basille were independent contractors or were servants of Mrs. Kampmann in doing the work, they are liable for any sum that Mrs. Kampmann may be compelled to pay on account of injuries to the plaintiff occasioned by the negligence of Fitzgerald & Basille in performing the work which they had engaged to do. When they undertook to repair the sidewalk without any supervision or direction on the part of Mrs. Kampmann it was their duty to use ordinary care to guard all persons who might be using the sidewalk from injury. As we have already stated, if in the performance of their duty they placed an obstruction in the street and that obstruction was of such a character as to be dangerous to persons passing by unless guarded from their use by proper railing or other protection, or that they should have proper notice of its existence, their contract to repair placed upon them the duty to observe the rights of the public in the sidewalk just the same as it rested upon Mrs. Kampmann. (Robbins v. Chicago, 4 Wall., 678; 20 Am. & Eng. Ency., 51; Smith v. Foran, 43 Conn., 244, 21 Am. Rep., 647; Zulkee v. Wing, 20 Wis., 408, 91 Am. Dec., 425.)

It is objected by counsel for Fitzgerald & Basille that there is neither pleading nor evidence to show any liability on their part to Mrs. Kampmann for what she may be compelled to pay. The plea of Mrs. Kampmann against Fitzgerald & Basille is somewhat meager in its allegation of fact but there was no exception to the plea presented to the court, nor was there any objection to the evidence when offered. The pleading is sufficient to require the court to submit the issue to the jury.

It is ordered that the judgment in favor of I. N. Rothwell against Elizabeth Kampmann be affirmed, and that Rothwell recover all costs of all the courts against Elizabeth S. Kampmann. It is further ordered that the judgments of the District Court and Court of Civil Appeals in favor of Fitzgerald & Basille against Elizabeth Kampmann be reversed and that Elizabeth S. Kampmann recover from Fitzgerald & Basille the same sum that Rothwell recovered against her with all costs.

*Affirmed in part. Reversed and rendered in part.*