MOORE & SAVAGE v. KOPPLIN et al.[†]

(Court of Civil Appeals of Texas. Feb. 15, 1911. On Motion for Rehearing, March 29, 1911.)

1. MASTER AND SERVANT (§§ 319, 323[*])—LIABILITY FOR INJURIES TO THIRD PERSONS—INDEPENDENT CONTRACTOR—NATURE OF EMPLOYER'S LIABILITY.

An employer cannot escape liability by a contract with an independent contractor for the doing of that of which the necessary effect is to injure others; nor can an employer contract for the building of a structure which is in itself illegal, or a public nuisance, and throw the entire liability therefrom upon the builder,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

on the ground that he is an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260, 1264; Dec. Dig. §§ 319, 323.*]

**2. NEGLIGENCE (§ 29*)—USE OF LAND AND BUILDINGS—PERSONS LIABLE.**

A person cannot by contract relieve himself of the duty resting upon him to exercise due care as to the conditions and use of real estate owned by him.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 29.*]

**3. MUNICIPAL CORPORATIONS (§ 692*)—STREETS —OBSTRUCTIONS—PUBLIC NUISANCE—WHAT CONSTITUTES.**

An unauthorized or unreasonable obstruction or encroachment on a public highway, which impedes the use thereof, or renders it more difficult, or increases the danger of injury to persons or property, or which is a general interference with public rights, is a public nuisance at common law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1493; Dec. Dig. § 692.*]

**4. MUNICIPAL CORPORATIONS (§ 809*)—PUBLIC NUISANCE—SPECIAL INJURY—LIABILITY.**

Where one has created an obstruction or made an encroachment in a street which amounts to a public nuisance, and it causes or concurs with some other cause in inflicting a special injury to another, the person creating the nuisance is liable therefor, unless he shows legal authority to create such obstruction.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

**5. MASTER AND SERVANT (§ 310*)—LIABILITY FOR INJURIES TO THIRD PERSONS—LIABILITY OF SERVANT.**

Where a servant does a wrongful act, he is liable for any damage that is proximately caused thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1235; Dec. Dig. § 310.*]

**6. MASTER AND SERVANT (§ 323*)—LIABILITY FOR INJURIES TO THIRD PERSONS—WORK OF INDEPENDENT CONTRACTOR.**

A contractor engaged in the construction of a building, at the special instance of the owner, erected a board fence extending out into the street, and within 33 inches from the tracks of a street car company, without legal authority therefor, and plaintiff while on the steps of, and about to enter, a moving car, was injured by collision with the fence. *Held*, that the fence was an illegal obstruction of the street, and that the owner of the building, by whom the contractor was employed to build the fence, was liable to plaintiff, whether the contractor was an independent contractor or not.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1264; Dec. Dig. § 323.*]

**7. NEGLIGENCE (§ 61*)—PROXIMATE CAUSE— CONCURRING NEGLIGENCE.**

One whose negligence efficiently concurs with that of another in causing an injury is liable therefor.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. § 61.*]

**8. TORTS (§ 22*)—JOINT AND SEVERAL LIABILITY—JOINT TORT-FEASORS.**

Joint tort-feasors are severally, as well as jointly, liable for the whole damage resulting from the wrongful act.

[Ed. Note.—For other cases, see Torts, Cent. Dig. §§ 29, 31; Dec. Dig. § 22.*]

**9. NEGLIGENCE (§ 15*)—JOINT AND SEVERAL LIABILITY.**

In actions for negligence, two or more persons concurring in the doing of a negligent act are jointly and severally liable for the whole damage caused.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 18; Dec. Dig. § 15.*]

**10. CONTRIBUTION (§ 5*)—JOINT WRONGDOERS —TORT-FEASORS.**

There can be no contribution between joint tort-feasors, even where there is a judgment against all and the whole damage is collected from one, and this rule applies in all its force where the tort-feasor seeking contribution knew that he was doing an illegal act; since where all actively participate in the wrongful act, or aid in its commission, the equitable doctrine of contribution cannot be invoked to save any one of them from the consequences.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 6–9; Dec. Dig. § 5.*]

**11. NEGLIGENCE (§ 14*)—EFFECT OF DIFFERENT DEGREES OF NEGLIGENCE.**

Where there is no moral blame involved in an act of merely passive negligence, it is not against the policy of the law to inquire into the relative delinquency of the parties, although both are wrongdoers so far as the injured party is concerned, and the law may adjust the matter as between the negligent parties so as to compel the proper party to bear the burden arising from his active negligence.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 14.*]

**12. MUNICIPAL CORPORATIONS (§ 693*)—USE OF STREETS—OBSTRUCTIONS—ORDINANCE.**

Where an ordinance forbids any one to place anything except building material in any street, the construction and maintenance of a fence in front of a building in course of construction, which extends nearly to a street car track, is unauthorized, and, in the absence of any ordinance conferring such authority, will be held illegal.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1494; Dec. Dig. § 693.*]

**13. MASTER AND SERVANT (§ 318*)—LIABILITY FOR INJURIES TO THIRD PERSONS—"INDEPENDENT CONTRACTOR."**

For one to be an independent contractor he must be free from the control of his employer, and free to do the work he is employed to do in his own way without directions, orders, let, or hindrance from his employer, being responsible to him only for the result.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. § 318.*

For other definitions, see Words and Phrases, vol. 4, pp. 3542, 3543; vol. 8, p. 7686.]

#### On Motion for Rehearing.

**14. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSONS—INDEPENDENT CONTRACTOR—QUESTION FOR JURY.**

In an action by a third person against a master and his contractor, with cross-action by the master against the contractor, his codefendant, to recover over against him the amount of any judgment that might be obtained against the master, *held*, on the evidence, that whether the contractor was an independent contractor, or was under the control and direction of the master, was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*]

Appeal from District Court, Bexar County; Arthur W. Seeligson, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Action by Carl Kopplin against the San Antonio Traction Company, J. P. Haynes, and Elizabeth B. Moore and J. H. Savage, executors of G. Bedell Moore, and cross-action by Moore & Savage, executors, against J. P. Haynes. Judgment for plaintiff against Moore & Savage, executors, and in favor of the other defendants; and judgment for J. P. Haynes in the cross-action, and Moore & Savage, executors, appeal. Judgments affirmed, except as to judgment for J. P. Haynes in the cross-action, which judgment is reversed and remanded.

Houston, Boyle, Storey & Davis and Guy S. McFarland, for appellants. Ernest Fellbaum, H. C. Carter, P. J. Lewis, and Ogden, Brooks & Napier, for appellees.

NEILL, J. This is a suit brought by appellee Kopplin to recover damages for personal injuries alleged to have been inflicted by the negligence of the San Antonio Traction Company and J. P. Haynes, appellees, and G. Bedell Moore of whose estate the appellants, Elizabeth B. Moore and J. H. Savage, are the independent executors.

After the formal allegations, the substance of plaintiff's first amended original petition, upon which the case was tried, is: That on September 24, 1907, plaintiff was a passenger on one of the Traction Company's cars, and was in the act of entering the car from the step of its rear platform. When it was running westward along East Houston street, he was struck by an upright post or obstruction negligently placed in the street in dangerous proximity to the railway track and was thereby thrown to the ground with great violence and seriously and permanently injured. That said obstruction was negligently placed in the street by the defendant J. P. Haynes, and consisted of posts set upright in or upon the ground, supporting a plank or board fence placed in the street within the distance of 33 inches of the track, so near a passing car as to endanger the life of a passenger entering or standing on its steps. That such obstruction was so placed in the street without authority of law and negligently maintained there for three weeks prior to the date of plaintiff's injuries. That when the injury was inflicted there was in force a valid city ordinance prohibiting the placing of any obstruction in any street, square, or alley of the city of San Antonio, and prescribing a penalty for its violation. That placing said obstruction in the street in such manner as to endanger persons taking passage on street cars was wrongful, negligent, and in violation of said ordinance and the proximate cause of plaintiff's injuries. That defendant J. P. Haynes negligently and unlawfully erected said fence in East Houston street at the special instance and request of G. Bedell Moore, or his authorized agent, for the accommodation of Moore, who was the owner of and was erecting a

building on East Houston street known as the "Moore Building," and that it was negligent on the part of said Moore to cause said board fence to be so erected and in violation of said city ordinance, and that therefore said Haynes and Moore are liable to plaintiff for the injuries caused him by reason of such negligence. That since defendant J. P. Haynes, on June 9, 1908, filed his original answer, G. Bedell Moore died, leaving a will in which J. H. Savage and Elizabeth B. Moore were named as independent executors of his estate, which will was duly probated; the executors named qualifying under their appointment. That the San Antonio Traction Company knowingly permitted said obstruction to be and remain in said street in such close proximity to its passing cars as to endanger the life of persons entering or standing on the step thereof, and continued to operate its cars along the part of the street so obstructed, and in so doing was guilty of negligence in violating the duty it owed its passengers, not having exercised ordinary care in passing the obstruction to prevent their injury; and that plaintiff's injuries were proximately caused by such negligence. The petition specifically describes the nature and character of plaintiff's injuries, and closes with a prayer for judgment against all the defendants for his damages in the sum of $25,000.

The Traction Company answered by a general denial, a plea of contributory negligence, specially pleaded that it had nothing to do with placing or maintaining the alleged obstruction in the street, and then averred that such obstruction was negligently erected and maintained there by its codefendant, J. P. Haynes, and by G. Bedell Moore, the testator, of whose will its other two codefendants are the executors, whose negligence was the proximate cause of plaintiff's injuries for which they were primarily liable, and asked that, in the event judgment was recovered against it, a judgment for a like amount be rendered in its favor over against them.

The first amended answer of the defendant J. P. Haynes contained a general denial, and special plea which is, in substance, that in erecting the fence along the street as alleged by plaintiff he did so at the special instance and request of G. Bedell Moore, and not as an independent contractor; that, while he was under contract to construct for Moore a building opposite the street where the fence was built, the erection and maintenance of the fence was not comprehended by nor an incident to his contract, but was done with the view to placing an engine in the building to be used in the operation of an electric plant which was being installed therein under another and different contract made between Moore and a different party with which he was in no wise interested nor had any connection with whatever; that the fence was erected by the permission of and in accordance with a valid ordinance of the

city of San Antonio, and under Moore's orders and directions, and without any compensation therefor to this defendant; that if any one is responsible for plaintiff's injuries, other than himself, the Traction Company and G. Bedell Moore are the ones. The answer closes with a prayer that the executors of Moore be made parties defendant, and that, in event judgment is entered against him in plaintiff's favor, he have judgment for a like amount over against the Traction Company and Moore's estate.

The answer of the defendant's executors contains a plea of not guilty, of contributory negligence, a special denial of the erection of the fence by their testator, or under his authority or for his benefit, and that neither the Traction Company nor Haynes is entitled to recover over against the estate of G. Bedell Moore, for that the latter was an independent contractor and erected such fence in furtherance and performance of his contract, nor could Moore have reasonably anticipated, as the natural consequence of the erection of said fence, that any injury would ensue to any one riding on a street car upon any place allowed by the Traction Company under its rules. Their answer closed with a prayer that, if any of the parties should recover against them, they have judgment over against J. P. Haynes for the amount so recovered.

The case was tried before a jury and resulted in a judgment in favor of the plaintiff against the defendants J. H. Savage and Mrs. Elizabeth B. Moore, independent executors of the estate of G. Bedell Moore, for the sum of $10,000; that plaintiff do not recover anything from the Traction Company nor from J. P. Haynes; and that said independent executors recover nothing as against their codefendant, J. P. Haynes, on their cross-action against him. From the judgment the plaintiff Kopplin gave notice of appeal, which was perfected by his filing an appeal bond payable to all the appellees and assigning errors. The defendants J. H. Savage and Elizabeth B. Moore, as independent executors of G. Bedell Moore, also gave notice of appeal, filed assignments of errors, and, as such executors, prosecute their appeal without bond.

The appellant Kopplin in that part of his brief which presents his assignments of error makes this statement: "In the event this court should, for any reason, reverse the judgment in favor of the plaintiff, Carl Kopplin, against the executors of the Moore estate, then, and in such event only, the plaintiff, Carl Kopplin, presents his assignments of error on his appeal from the judgment against him in favor of the codefendants, San Antonio Traction Company and J. P. Haynes, and, in the event the judgment against the executors of the Moore estate should be reversed by this court, then the said Kopplin prays that the judgment rendered against him and in favor of the co-defendants, San Antonio Traction Company and J. P. Haynes, be also reversed." In view of this we will first consider such assignments of the appellant executors as assail the judgment in favor of Kopplin against them.

The first of these assignments complains that the court erred in refusing a peremptory charge asked by these defendants directing the jury to return a verdict in their favor for the reason that it affirmatively appears from the evidence that the obstruction in the street alleged to be the cause of plaintiff's injuries was placed there by their codefendant, J. P. Haynes, who was an independent contractor.

In the view we take of the matter thus presented, we deem it unnecessary, in disposing of the assignment, to determine at present whether, in erecting the fence, Haynes was and acted as an independent contractor or not. It is an elementary principle, universally recognized, that where the employer has no duties, but the contractor has, the former is not responsible, but the latter is liable for a breach of such duties. But, while it is competent for one having any particular work to perform to enter into an agreement with an independent contractor to take charge of and do the whole work, employing his own assistants, being responsible only for the completion of the work agreed upon, the rule is not without exceptions as deeply founded in principle and sustained by authority as the rule itself. They are that the employer must not contract for that the necessary or probable effect of which would be to injure others, nor can he by contract relieve himself of duties resting upon him as owner of real estate, nor to do or suffer to be done upon it that which will constitute a nuisance and therefore an invasion of the rights of others. Besides, if the work which the owner orders the contractor to perform be wrongful, the owner will be responsible to third parties for the wrongful acts done by the contractor and his servants.

Any unauthorized or unreasonable obstruction or encroachment in or on a public highway, which impedes the use thereof or renders it more difficult, or increases the danger of injuries to persons or property, or general interference with public rights, constitutes a public nuisance at common law. And it is incumbent upon one who has created such obstruction or encroachment, when it has resulted or concurred with some other cause in the injury of another, to show that he had legal authority to erect the obstruction or make the encroachment in order to relieve himself from the liability for the injury which attaches as a matter of law to the commission and maintenance of a public nuisance. It need not be said, in view of the principles above stated relating to the liability of any employer and contractor, that the one cannot contract with the other

to erect a structure which will be a public nuisance so as to relieve him of the consequences that may follow by the performance of such a contract, for no one can rightfully contract with another to do an illegal act, and, if the wrongful act is done under the guise of such a contract, both the employer and employé are liable for any damage that may proximately flow from it.

As is said by the Supreme Court in Kampmann v. Rothwell, 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758, quoting from Robbins v. Chicago, 4 Wall. 678, 18 L. Ed. 432: "The party contracting for the work was liable * * * where the work to be done necessarily constituted an obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless properly guarded or shut out from public use; that in such cases the principal for whom the work was done could not defeat the just claim * * * of the injured party by proving that the work which constituted the obstruction or defect was done by an independent contractor. * * * Where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party"—citing Chicago v. Robbins, 2 Black, 426, 17 L. Ed. 303; Penny v. Wimbledon Urban Dist. (1899) 2 Q. B. 72; Chesapeake & O. Canal Co. v. Allegany County, 57 Md. 201, 40 Am. Rep. 430; Covington & C. Bridge Co. v. Steinbrock, 61 Ohio St. 215, 55 N. E. 618, 76 Am. St. Rep. 375. Under the principle thus enunciated, the employer, Mrs. Kampmann, was held liable for the injury inflicted on a pedestrian caused by his stumbling and falling over an obstruction on a sidewalk which was placed and negligently permitted to remain there by Fitzgerald & Basille, although they were her independent contractors. See, also, Stephenville, N. & S. T. Ry. Co. v. Couch, 121 S. W. 189; Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198; Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 497; Salliotte v. King Bridge Co., 122 Fed. 378, 58 C. C. A. 466, 65 L. R. A. 620, and note; Jacobs v. Fuller & Hulsimpeller Co., 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 833, and note.

The evidence shows that the fence constituting the obstruction was placed in East Houston street opposite a building abutting thereon which was being constructed for G. Bedell Moore by the defendant J. P. Haynes, who had contracted with Moore to erect said building; that the fence placed and maintained there was in dangerous proximity to the Traction Company's street car track without legal authority; that while plaintiff was on the steps of and entering a moving car, in the exercise of ordinary care, he came in contact with the obstruction, and he was thrown to the ground and injured to his damage in the sum of $10,000; and that the wrongful and negligent act of G. Bedell Moore, in having erected and maintained such dangerous obstruction in the public highway, was the proximate, or at least, the efficient concurring, cause of plaintiff's injuries.

In view of these facts, seen in the light of the law enunciated, G. Bedell Moore, or his estate, is liable to the plaintiff for the damages sustained, regardless of whether the defendant Haynes was an independent contractor or not. The questions as to whether Haynes was an independent contractor, and as such liable over to Moore's executors for the damages recovered of them, are matters of no concern to plaintiff, since, in any event, either or both of said defendants can, under the law and facts, be held responsible for his damages. Wherefore there was no error in the refusal of the special charge, as is complained by the assignment.

The conclusions of fact which we reached and have stated in disposing of the first assignment of error disposes of the second, which complains that the verdict is contrary to and unsupported by the evidence, in that it does not show that G. Bedell Moore was guilty of any negligence which caused or contributed to plaintiff's injury; but that, on the contrary, it shows that the injury resulted from the concurring negligence of the defendants Traction Company and J. P. Haynes. Inasmuch as it is claimed that the last-named defendant built the fence as an independent contractor for Moore, and as such structure was in its nature and character dangerous to the public, Moore would be as much responsible for its construction as Haynes. If, then, plaintiff's injury resulted from the concurring negligence of these two defendants, Moore's liability would be the same as Haynes', whose concurring negligence with that of the Traction Company is asserted by the assignment to be the cause of plaintiff's injury, for it is well understood that, if the negligence of one concurs with that of another in causing an injury, he is liable in damages.

Under the third assignment, which complains of the verdict upon the ground that the evidence fails to show Moore guilty of any negligence, which, without the concurring negligence of Haynes, proximately caused plaintiff's injuries, it is contended that, since the jury found in favor of Haynes, it necessarily follows that the verdict also should have been for Moore's executors.

The premise upon which the proposition is based is false in that it assumes that the liability of joint wrongdoers is only joint, and that a finding in favor of the one necessarily requires a like verdict for the other. As to joint tort-feasors, the rule is that each is liable for the whole of the damages, though they are jointly, as well as severally, liable. In negligence, as well as in trespass,

if two persons concur in doing the negligent act, they may be sued jointly, and they are jointly and separately liable for the whole of the damages. As there can be no contribution between joint tort-feasors even where a judgment against both and the whole of the damages is collected from one, it is not a subject of complaint that "one was taken and the other left." G., H. & S. A. Ry. Co. v. Nass, 94 Tex. 255, 59 S. W. 870; City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 519; Kampman v. Rothwell, supra; Continental Fruit Co. v. Leas, 50 Tex. Civ. App. 584, 110 S. W. 129.

Where there is no moral turpitude involved in an act of negligence, and it is not against the policy of the law to inquire into the relative delinquency of the parties, although both are wrongdoers so far as the injured party is concerned, the law may adjust the matter as between the tort-feasors so as to compel the real guilty party to bear the burdens arising from his active negligence; that of his codefendant being merely passive, involving no moral turpitude. Pullman Co. v. Norton, 91 S. W. 841; City of San Antonio v. Talerico, supra. This matter does not affect the judgment against Moore's executors, but only concerns them and their codefendant, Haynes.

What we have said in disposing of the third also applies to the fourth assignment of error. If the plaintiff is satisfied with his judgment against one of the joint tort-feasors, it does not lie in the mouth of that one to say for plaintiff, "Your judgment is erroneous, for you ought to have recovered against the other wrongdoers as well as against me." If plaintiff is content to rest on his judgment just as it is, it is no affair of these appellants that it should have judgment also against other wrongdoers.

The points presented by the propositions asserted under the sixth, seventh, eleventh, and twelfth assignments of error, which complain of paragraphs of the court's charge, have already been discussed and disposed of in passing upon preceding assignments and need not be further noticed. Suffice to say that, when the paragraphs assailed by these assignments are read and construed in connection with the entire charge, as between plaintiff and the executors appellants, the propositions present no error requiring the reversal of the judgment in favor of plaintiff against the latter for the damages found in his favor against them.

We have thus disposed of all the appellant executors' assignments of error which relate to the judgment against them in plaintiff's favor and have concluded that none of them presents such an error as requires its reversal.

We will now, without considering the plaintiff's assignments of error, dispose of those presented by Moore's executors which relate to the judgment in favor of the other appellees.

As to the judgment between these appellants and the appellee Haynes, the gravamen of these appellants is that Haynes, in constructing the fence, was an independent contractor, and, if they are liable at all to plaintiff, Haynes is liable over to them in the amount of the judgment recovered.

The right of one joint tort-feasor to recover over against the other arises from the doctrine of contribution, which has its source in principles of equity and fair dealing. Hence the general rule that one joint tort-feasor cannot recover contribution against another applies in all its force where such tort-feasor knew that he was doing something illegal. Where all actively participate in any manner in the commission of an illegal act, or who command, direct, advise, encourage, aid, or abet its commission, the equitable doctrine of contribution cannot be invoked to save any one of them from the consequences of his illegal act. Cooley on Torts (3d Ed.) 244. From which it follows that, when the burden of compensating a party who has been injured by such an act of joint tort-feasors is cast upon one of them, he cannot relieve himself of its weight by shifting it from his shoulders to another's who participated with him in the commission of such a wrong. In such a case there can be no equities between them to adjust, for the fruits of equity cannot be produced from a soil tainted and poisoned by illegality. When such tort-feasors, upon whom the burden of the wrong has been saddled by a jury, appeal to a court of equity for relief, its only answer to them can be: "Depart from me, ye workers of iniquity; I never knew you."

Let it be conceded for a moment that Haynes was an independent contractor in the construction of the building, and that his erection of the fence, or obstruction, in the street was done in pursuance of his contract as an incident to it. Still this, if it were illegal to build the fence in the street, would not protect Moore from the operation of the rule that one joint tort-feasor, who knowingly participates in doing an illegal act, or causes it to be done, can have no contribution from the other. One cannot contract for the erection of a structure which is in itself illegal or a public nuisance, and cast the entire liability ensuing from its illegality upon the one who erects it, upon the ground that he is an independent contractor. For the very contract makes him liable for the illegal act done by his employé in the performance of it. Though it may not relieve the contractor from liability to a third party who is injured by reason of such structure, yet his employer, who is equally culpable, is alike liable for the injury consequent to such illegal act, for it arose from his contract.

Now, still proceeding upon the assumption that J. P. Haynes was an independent con-

tractor, we will, in view of the principles of law above stated, ascertain from the facts whether the defendant Haynes is liable over to Moore's executors for the judgment recovered against them.

The evidence shows conclusively: That Haynes erected a fence in East Houston street of the city of San Antonio. That the fence extended along the street the entire length of the addition of the Moore building, which was in progress of construction, connecting with the building on the southeast corner, running westerly down the street and then to the building. That it inclosed all that part of the street which lay between the fence and said building. That the fence was within three feet of the street car track. That the fence was constructed and maintained in the street with the knowledge and consent of Moore's agent, J. H. Savage, Moore's general agent and representative, in charge of all matters pertaining to the erection and construction of the addition of the Moore building, which was then erected. That the material used and work done in the construction of the fence was paid for by Moore through J. H. Savage as his agent. That G. Bedell Moore, himself, knew of the construction and maintenance of the fence, for the testimony shows that Moore was around the building during the time the fence was being built. That there was then in force a city ordinance of San Antonio, which is as follows: "No person shall place, or cause to be placed, anything in any street, square, alley or bridge (building material for immediate use excepted, when the same does not occupy more than one-third of such square, street or alley, and so placed as not to obstruct the proper drainage of the same) under a penalty of five dollars ($5.00) for each and every day that said obstruction may remain after due notification by the marshal or street commissioner to remove the same." That no ordinance of the city of San Antonio was proved authorizing the building or maintenance of such fence.

The ordinance quoted did not authorize the construction and maintenance of the fence in the street, and, as no ordinance was introduced conferring such authority, its erection and maintenance must be held to be illegal. American Const. Co. v. Seelig (Sup.) 133 S. W. 429. Hence Moore, having aided, encouraged, and abetted Haynes in his illegal act of building the fence, by furnishing and paying for the material and labor used in its construction, and having permitted it to remain in the street to be used in furtherance of his business, was not entitled to contribution or judgment over against Haynes, his joint tort-feasor, for the damages sustained by plaintiff by reason of the unlawful act.

This view of the matter renders it unnecessary for us to consider whether Haynes erected the fence as an independent contractor. We will remark, however, only such an employé as is free to do the work he is employed to do in his own way without directions, orders, let, or hindrance from his employer, being responsible to him only for the result, is regarded as such a contractor. In other words, he must be independent and free from the control of his employer. The evidence in this case fails to show that in erecting the fence Haynes was free from Moore's control; but, on the contrary, that he did it under the orders and direction of Savage, the latter's agent. It also shows that, after it was constructed, it was allowed to remain there for several weeks prior to the date of Kopplin's injuries with full knowledge of Moore as well as Savage.

What we have said disposes of all the questions raised by the appellant administrators on this branch of the case adversely to them.

Clearly, it is a matter of no concern to these appellants whether the Traction Company was negligent or not. Should it be conceded that the evidence shows that it was, it would not affect its liability; for, as has been seen, a joint tort-feasor is separately liable for an injury caused by all of them. The negligence, if any, of the Traction Company was passive only, consisting in running its cars along the street without abating the nuisance that appellants' testator had placed there; that of Moore's positive, being the direct cause of plaintiff's injury, without which it would not have occurred. Had plaintiff recovered against it, the Traction Company would, undoubtedly, have been entitled under the equitable doctrine of contribution to recover over against the estate of G. Bedell Moore. A case can hardly be imagined which more strongly presents such right, as between joint tort-feasors, than the one under consideration.

The judgment is in all things affirmed; the costs of this appeal being assessed against J. H. Savage and Mrs. Elizabeth Blasdell Moore as independent executors of the estate of G. Bedell Moore, deceased.

Affirmed.

### On Motion for Rehearing.

Upon considering the motion for rehearing, we have concluded that it should be overruled in all things except as to the judgment in favor of J. P. Haynes against the appellant executors; and that, as to these parties, the motion should be sustained, that part of the judgment reversed, and the cause remanded for the purpose of determining whether, under the facts, the executors of Moore's estate are entitled to recover over against Haynes the amount recovered against them by the plaintiff, Kopplin. We have come to this conclusion because we believe that the court erred in refusing to submit the issue between them to the jury and in peremptorily instructing the jury to find in favor of Haynes as against appellants on such issue. The contention of appellants is

that the fence, which was the proximate cause of plaintiff's injury, was erected and maintained in dangerous proximity to the street car track by Haynes as an independent contractor for his own use and purpose in the performance of his contract, without the order or concurrence of either Moore or his agent charged with the supervision of the erection of the addition to the Moore building, without Moore's knowledge of its being so erected or maintained. On the contrary, it is contended by Haynes that he placed the fence there, not as an independent contractor for his own use and behoof, but in obedience of the orders and directions of Moore's agent who was charged with the duty of supervising the erection and construction of the building to be used in connection with placing and installing an engine, machinery, and appliances in the building not included or comprehended in his contract and with which he had nothing to do, and that Moore, with full knowledge of the erection and maintenance of the fence, ratified and acquiesced in its erection and maintenance in the street, knowing that the same was an unlawful obstruction of a public thoroughfare.

There was evidence tending to support either contention. If that of appellants were correct, Haynes would be liable over to Moore's estate for any damages recovered against its executors by the plaintiff; but, if that of Haynes were shown to be true, no such liability would rest upon him.

Because the court refused to submit such issue to the jury and peremptorily charged it to find upon it in Haynes' favor, the motion as between him and appellants is granted, but is in all things else overruled.

Overruled in part and granted in part.