CAMERON MILL AND ELEVATOR COMPANY v. F. M. ANDERSON.

No. 1336. Decided June 13, 1904.

1.—Negligence—Independent Contractor.

The rule exempting an employer from liability for negligence of an independent contractor is subject to the exception that the employer is liable where the contract directly requires the performance of work intrinsically dangerous to others and proper precautions for their protection are neglected; this principle applies to the case of one injured by falling into a large excavation in the street made, by permission of the city council, for storage tanks for fuel oil for a private business. (P. 159.)

2.—Personal Injury—Damages—Evidence—Character and Habits.

On the question of damages suffered by a boy of 13 from permanent personal injury, evidence that he was economical in his habits and obedient to his mother was properly admitted; these matters had some bearing on his earning capacity. (Pp. 159-161.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Anderson sued the elevator company and recovered a judgment from which the defendant appealed and, on its affirmance, obtained writ of error.

*R. W. Flournoy* and *Geo. Thompson,* for plaintiff in error.—The Court of Civil Appeals erred in holding that the control of the men and means employed and the work in making the excavation in controversy, by an independent contractor, did not exempt defendant in the court below from liability for the negligence of said contractor through which plaintiff was injured, and in holding that it was the duty of such defendant to see that precautions were taken by said contractor for the public safety in making said excavation; and in refusing in this connection to sustain appellant's (defendants) first, second, third and fourth assignments of error directed against the charge of the trial court in failing to submit the defense of "independent contractor."

The Court of Civil Appeals erred in holding on said defense of independent contractor that the injuries in controversy "are the direct result of the very thing which the appellant authorized to be done," and in holding in this connection that the work let to the contractor contemplated an excavation in the public street the necessary effect of which was to create an obstruction or defect therein dangerous to the public using such street. Taylor v. Dunn, 80 Texas, 652; Fulton County St. Ry. Co. v. McConnell, 87 Ga., 756; City of Independence v. Slack, 34 S. W. Rep., 1094; Clark v. Fry, 8 Ohio St., 358; Blake v. Ferris, 5 N. Y., 48.

It was error in the court to admit testimony to the fact that plaintiff was economical and saving with his means. Said testimony was immaterial and misleading and tended to confuse the jury, and was prejudicial to the rights of defendant. Lipscomb v. H. & T. C. Ry. Co., 95 Texas, 5; Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Missouri K. & T. Ry. Co. v. Harrington, 62 Texas, 597; Missouri P. Ry. Co. v. Lyde, 57 Texas, 505; Pennsylvania Ry. Co. v. Roy, 102 U. S., 451.

*W. R. Parker, Capps & Canty,* and *Theodore Mack,* for defendant in error.—There is no error with respect to the matter assigned, because the work contracted for (an excavation in a public street) was of such character as to be intrinsically dangerous or that would probably result in injury to a third person; hence appellant having contracted to have it done is liable for the injuries, although the same could have been avoided had the contractor taken proper precautions, and in the case at bar the work contracted for necessarily constituted an obstruction or defect in the street of such a nature as to render it unsafe or dangerous

for public travel, because improperly guarded and protected, the liability of the employer is firmly established. City of Houston v. Isaacks, 68 Texas, 119; Robbins v. Chicago, 71 U. S. (4 Wall.), 657; Chicago v. Robbins, 2 Black, 426; Ohio S. Ry. Co. v. Morey, 7 Law. Rep. Ann., 701; Colgrove v. Smith, 27 Law. Rep. Ann., 590; Veazie v. Penobscot Ry. Co., 49 Me., 119-123; Woodman v. Metropolitan Ry. Co., 149 Mass., 335; 16 Am. and Eng. Enc. of Law, 2 ed., 201; Dillon on Mun. Corp., secs. 1030-1033, 730; Davis v. Summerfield, 45 S. E. Rep., 654; Bonaparte v. Wiseman, 44 Law. Rep. Ann., 482; 1 Thomp. on Neg., sec. 653.

In an action by a minor to recover damages for permanent injuries resulting in future diminished capacity to earn money, since ordinarily the pecuniary loss to the minor is not susceptible of exact mathematical calculation, evidence of such facts and circumstances as will enable a jury to return a verdict may be given. This testimony would include the circumstances of the injured party, his occupation, age, health, habits of industry, sobriety, economy, skill and capacity for business, etc. Hence the evidence, the admission of which is challenged in the assignments, was proper for the consideration of the jury in arriving at the pecuniary loss sustained or to be sustained by the minor. If it be contended that the testimony thus admitted should be limited to pecuniary loss by reason of future diminished capacity to earn money, then since the objections urged were only that the evidence was "immaterial," it was the duty of the appellant to have requested an instruction limiting the jury in their consideration of the testimony to pecuniary loss by reason of future diminished capacity to earn money. Hence, there was no error with respect to the matters complained of. Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 304; Texas Mex. Ry. Co. v. Douglas, 73 Texas, 330; San Antonio Traction Co. v. White, 60 S. W. Rep., 324; Houston St. Ry. Co. v. Sciacca, 80 Texas, 350; International & G. N. Ry. Co. v. McNeel, 29 S. W. Rep., 1134; Louisville E. & St. L. Ry. Co. v. Clarke, 152 U. S., 230; Kelly v. Central Ry. of Iowa, 48 Fed. Rep., 663; Collins v. Davidson, 19 Fed. Rep., 83-87; Holland v. Brown, 35 Fed. Rep., 43; Serenson v. Northern Pac. Ry. Co., 45 Fed. Rep., 407; Morris v. Chicago M. & St. P. Ry. Co., 26 Fed. Rep., 22; Hogue v. Chicago & A. Ry. Co., 32 Fed. Rep., 365; Nashville & C. Ry. Co. v. Prince, 2 Heisk., 580; East Tennessee V. & J. Ry. Co. v. Gurley, 12 Lea, 46; Louisville & N. Ry. Co. v. Stacker, 86 Tenn., 343-353; Wheelan v. Chicago M. & St. P. Ry. Co., 85 Iowa, 107; St. Louis I. M. & S. Ry. Co. v. Needham, 52 Fed. Rep., 377, 378; Baltimore & O. Ry. Co. v. Wightman, 29 Gratt., 443; Opsahl v. Judd, 30 Minn., 126; Shaber v. Railway Co., 28 Minn., 107; Ohio & M. Ry. Co. v. Voight, 122 Ind., 296; Fort Worth & D. C. Ry. Co. v. Measles, 81 Texas, 474; Pierce on Railways, 396; 8 Am. and Eng. Enc. of Law, 2 ed., 944; Gulf C. & S. F. Ry. Co. v. Mangham, 95 Texas, 418.

GAINES, Chief Justice.—The following statement of this case is taken from the opinion of the Court of Civil Appeals:

"By permission of the city council appellant caused to be dug in one of the streets of the city of Fort Worth, adjacent to its elevator plant, a hole some thirty-four feet long, twenty-eight feet wide and twelve or fourteen feet deep. The excavation was made for the purpose of putting in some underground storage tanks for fuel oil. Into this pit appellee, a boy of 13 years, fell and was seriously injured. The accident occurred about 9 o'clock at night, at a time when none of the workmen engaged in digging the pit were in or about the place. There were no lights or barricades or signals about it, and the street was dark. Appellee, who had no previous notice of the excavation, had either just mounted or was in the act of mounting his bicycle to proceed up the street when he was precipitated into the pit and injured as aforesaid. The actual work of making the excavation was being done by one McFadden, under a contract with appellant by the terms of which he had exclusive control of the work. Appellant did not know that the pit was not guarded or protected at night and had never given the contractor any instructions upon that point, but understood that the contractor was competent and experienced and took it for granted that he would do what was necessary to make the work safe. The appellee had a judgment for $10,500, from which this appeal is prosecuted."

The question which goes to the foundation of the action, is: Was the defendant company liable, under the circumstances, for the acts and omissions of McFadden, whom it had employed to do the work under an independent contract? We were of the opinion when we granted the writ of error that the company was liable for McFadden's negligence, and that the Court of Civil Appeals did not err in so holding. We are still of that opinion. The question is ably discussed in the opinion of Mr. Justice Speer, who spoke for the court in the case, and the conclusion is amply supported by the numerous authorities cited by him. It would therefore be a profitless task to enter upon any extended discussion of the question. As we understand the general rule is, that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter, but to this rule there is a well marked exception. So far as we have seen the limitation of the rule has been by no one better expressed than by Judge Dillon. He says: "The general rule is stated in the preceding section, but it is important to bear in mind that it does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such a case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract." 2 Dillon Mun. Corp., par. 1029. In our opinion the present case falls strictly within the exception.

During the course of the trial the court over the objection of the defendant permitted the introduction of testimony on behalf of the plaintiff, to the effect that he was an industrious boy, was obedient to his mother, did not use tobacco or intoxicating liquors, and was indus-

trious and economical in his habits. It was for the admission of the
testimony as to his obedience to his mother and his habit of economy
that we granted the writ of error. But we now think we erred in so
doing. In the case of Houston & T. C. Ry. Co. v. Cowser, 57 Texas,
293, which was a suit to recover damages for injuries resulting in death,
the court state the rule in regard to the proper evidence to be intro-
duced to show the amount of damages as follows: "The damages being
for the pecuniary loss only, the party claiming them should then, as a
general rule, at least be required to prove such facts and circumstances
as will enable the jury to return a verdict, based upon this evidence,
which would approximate reasonable certainty; and the court to pass
advisedly, in reviewing this evidence, upon motion for a new trial. This
testimony would include the circumstances of the deceased; his occupa-
tion, age, health, habits of industry, sobriety and economy, his skill and
capacity for business, the amount of his property, his annual earnings,
and the probable duration of life. (Citing Pierce on Railroads, 396;
2 Thomp. on Neg., 1290.)" If this be a correct rule as applied to such
a case, for a stronger reason it should also be applicable to the ordinary
action for personal injuries, when permanent in their nature; for in
cases of the former class the beneficiaries are not entitled to recover all
that the deceased might have earned, had he lived, but only so much
thereof as they would probably have received; whereas, in cases of the
latter class, the plaintiff is entitled to recover for all that he has prob-
ably been deprived of earning by the infliction of the injury. If the
plaintiff be afflicted in mind or body, if he be indolent, drunken, and
thriftless, the defendant ought to be permitted to prove the fact so as
to show that his earning capacity is not that of a person of ordinary
endowments, mental or physical, and of ordinary habits. So if he be
strong of mind and body, sober, industrious and economical in the use
of his money, these facts throw light upon his earning capacity and he
ought to be allowed to establish them by evidence. It may be true that
the proof of like facts in case of a boy 13 years of age may not be so
potent as in case of a man—but that should affect the weight and not
the character of the evidence. It is a difference of degree and not of
kind. We may be unwilling to follow the poet who said "the child is
father to the man;" yet no one would venture to assert that the charac-
teristics developed by a boy 13 years old are not some evidence of what
his character as a man will probably be.

As to proof of habits of economy, it seems to us they tend in some
degree to show additional earning capacity. As a rule a careful busi-
ness man would employ a man of economical habits rather than a
spendthrift. Besides an economical man may add to the direct earn-
ings from his labor by a profitable use of his savings. Why should not
this be considered in estimating his damage in a case of this character?
The fact that the plaintiff was obedient to his mother is a shade more
remote, but it seems to us that the testimony is not wholly without value
as tending to throw some light upon his probable earning capacity after

he should arrive at manhood. Let us suppose that this boy had applied for employment and brought testimonials showing that he was an industrious, obedient and economical boy. Can it be said that either of these elements of character would not have had some weight with the person to whom application was made, in determining the question whether he should be given the place? If not, then it follows that each bears upon the question of his earning capacity. Therefore why should not a jury be permitted to look to these facts in determining what the future earning capacity of an injured boy would probably have been had the injury not been inflicted? It is the only light that can be thrown upon the question.

We have held that it was improper in a death case to permit the plaintiff to introduce evidence to prove that the deceased was a member of a church and did not use profane language (Lipscomb v. Houston & T. C. Ry. Co., 95 Texas, 5); and also in a personal injury case it was also held (following other cases in our court) that it was error to admit testimony on behalf of the plaintiff that he was a married man, and that his wife had no means of support except her own labor. Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347. We think the questions there decided are different from that presented in the case before us.

In support of their assignments upon the introduction of the evidence in question, counsel for the plaintiff in error cite the case of Pennsylvania R. R. Co. v. Books, 57 Pa. St., 339, and quote as follows from the opinion in that case: "It is difficult to see what bearing plaintiff's habits of industry and economy could legitimately have upon the damages. * * * In an action by the injured party himself they were irrelevant and tended only to excite the feelings of commiseration and sympathy in the heart of the jury." That habits of industry may be proved is the established rule in this court and is a rule very generally recognized. So that in one respect at least, the proposition stated in the opinion is too broad. It seems to us that the question was not very carefully considered by the able court who made that ruling.

It is not without significance that the able counsel who have expended great industry and research in briefing this case have cited no other case which sustains their position.

The other points in the case were in our opinion properly disposed of by the Court of Civil Appeals and require no discussion by us.

We are of the opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*