CONTINENTAL PAPER BAG CO. et al. v. BOSWORTH. (No. 7762.)

(Court of Civil Appeals of Texas. Galveston. July 3, 1919. Rehearing Denied Oct. 9, 1919.)

1. MASTER AND SERVANT ☞321—OWNER LIABLE ON INJURY THROUGH NEGLIGENCE TO EMPLOYÉ OF INDEPENDENT CONTRACTOR.

Where paper bag company, under agreement to furnish space and machines therefor with which independent contractor was to do printing, furnished defective saw machine permitting hot metal to fly about, and a totally inadequate space requiring press to·be placed so near saw that press feeder was in constant danger, a danger the company had knowledge of and could have anticipated, the company was guilty of actionable negligence and was liable for injury to press feeder from metal from saw, though she was employé of independent contractor, and though such contractor had control of both machines.

2. INSURANCE ☞514—JUDGMENT AGAINST INSURER REFUSING TO DEFEND IN ACTION AGAINST INSURED.

Where liability indemnity policy required insurer to defend suit against insured and provided that no action could be brought on the policy until after judgment has been rendered against insured, insurer, after being impleaded in suit against insured upon its denial of liability and refusal to defend, could be held liable in such suit upon judgment being rendered against insured.

3. INSURANCE ☞157—LIABILITY POLICY FOR INJURIES IN STORE AND WAREHOUSE CONSTRUED.

Liability policy agreeing to indemnify insured, dealers in paper bags, against loss from liability for injuries sustained within premises designated as "store and warehouse" in which insured was to conduct no business "except as store and warehouse," held to cover accident to operator of printing press upon the premises, where the printing of bags and paper was a necessary part of the business of the store and warehouse of insured.

---

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by Carrie Bosworth against the Continental Paper Bag Company, in which the Western Indemnity Company and the Fidelity & Casualty Company were impleaded. From judgment rendered, the defendant and the Fidelity & Casualty Company appeal. Affirmed.

Baker, Botts, Parker &. Garwood, R. C. Patterson, and Guy Graham, all of Houston, for appellant.

Presley K. Ewing, of Houston, for appellee.

GRAVES, J. Miss Carrie Bosworth brought this suit against the Continental Paper Bag Company, a corporation, to recover damages for the loss of one of her eyes. She alleged: That at the time of the injury the bag company was engaged in the business of furnishing to merchants wrapping paper and bags, occupying for that purpose a two-story brick building in Houston, using the second story for its offices and stock, and the first story for its printing outfit, which, being operated by electricity, turned out the bags having printing thereon. That she herself was then engaged in the ordinary course of her service, during the operation of such printing outfit, in feeding the paper bags to a press machine, when a piece of hot metal from the saw machine part of the printing equipment, only a few feet distant—flew into one of her eyes, burning it and putting it out. That plaintiff was at the time of her injury in the employment of the bag company, serving it in the way stated, but, if not, she was then in the employment of one W. H. Devers, the bag company's independent contractor in that behalf, and that, in either event, the bag company was liable to her on account of the exceptional and special facts of the situation, which were further averred as follows:

"That if plaintiff was in the employment of W. H. Devers, and he under agreement to print paper bags, wrapping paper, etc., for defendant paper bag company, as alleged in its answer, then plaintiff says that under the agreement between them, according to the true intent, purport, and meaning thereof, the defendant paper bag company bound and obligated itself to furnish and supply to him, W. H. Devers, the machinery and equipment with the space occupied by the same for printing such paper bags, wrapping paper, etc., including the space whereat plaintiff was working when she was injured, as alleged, and including the machine or appliance to which she was feeding bags at the time, and including the other nearby machine from which the metal flew and went into her eye, as before alleged; which machinery, appliances, and place were then and there so furnished and supplied by it, paper bag company, for the mutual benefit and advantage of itself and said W. H. Devers, to be used exclusively for printing paper bags, wrapping paper, and such other items as it might require printed by him, W.

H. Devers, at large discount prices, and, in addition, with pay for the use of such equipment, and for the particular purpose and use of such printing for it, and with the contemplation that such would be used by employés of said W. H. Devers in the course of the work by employés such as plaintiff, serving said W. H. Devers in the course of such work, and engaged as plaintiff was at the time of her alleged injury, so that such machinery, appliances, and place were so supplied and furnished by defendant paper bag company, under the implied agreement and duty to said W. H. Devers, and to and inuring for the benefit of his employés in that behalf, including plaintiff, that such should be reasonably fit for the use for which so supplied, furnished, and intended, and reasonably safe and suitable therefor, at least so far as might be in the exercise of ordinary care to that end on its part, which agreement and duty it then and there negligently failed to keep or perform.

"That defendant paper bag company then and there negligently failed to furnish or supply a reasonably safe working place in that behalf for plaintiff in the performance of her aforesaid services, and negligently furnished and supplied a machine for the work to be accomplished in that behalf, being the machine from which said piece of metal flew into the plaintiff's eye, that was not reasonably safe or fit or suitable for such use, in that the same was by it negligently located or caused to be located or permitted to be and remain located at and in an improper and insufficient distance and position from and relatively to the machine and place at which plaintiff was working at the time of her alleged injury, for reasonable safety, and in that the same was by it negligently constructed or caused to be constructed or permitted to be and remain constructed in such improper manner, or negligently furnished it in such defective condition, as allowed the dangerous escape of pieces of metal therefrom, and in that the same was by it negligently left unprovided with a guard or hood or screen or any other means or device to prevent the escape of such dangerous pieces of metal.

"That said machine from which said piece of metal flew out, as furnished by defendant paper bag company, for the work aforesaid, was in its nature located and constructed as it was necessarily and probably dangerous, as said defendant well knew or might reasonably have anticipated, to a person similarly situated and engaged as plaintiff was, and as said defendant might reasonably have anticipated she or some other person would be, when she suffered the injury herein complained of, unless reasonable precautions were taken to prevent pieces of metal from flying therefrom, as same did on the occasion of such injury to plaintiff.

"That a reasonable precaution necessary in that behalf to prevent such danger was a hood, guard, or screen, or some other means or device, which it then and there became and was the duty of the defendant to supply and furnish as a part of the equipment and space provided by it in that behalf, and which it obligated itself to provide, in order to render it, such machine and the place whereat plaintiff was engaged in the course of her employment, reasonably safe for the performance of her services in that behalf.

"That the defendant negligently failed to take

such reasonable precaution, or to see that such was taken.

"That defendant failed and refused to furnish sufficient space for the prosecution of said work by said Devers, though it had agreed to furnish the space needful therefor, and thereby it caused said machine, from which the metal flew into plaintiff's eye, to be located in manner it was, in too close proximity to the machine at which plaintiff was serving, as aforesaid.

"That said machine, from which said piece of metal flew into plaintiff's eye, was dangerously and defectively constructed, in that it had no movable carriage or slide, whereby the use of a hood or guard on such machine (as plaintiff says, alternatively pleading as to such hood or guard) was impracticable, for that same would prevent the operator from properly seeing and would endanger his hands or fingers, as defendant paper bag company well knew, or ought in the exercise of ordinary care to have been known, and might reasonably have anticipated; and by reason of such defective construction of such machine the operation of the same where it was, relatively to the plaintiff's working place, was intrinsically and inherently dangerous to one situated and engaged as she was, as likely to throw out pieces of metal into her eyes, unless proper precaution was taken to prevent such result.

"That nevertheless the defendant paper bag company failed to take any precaution to prevent such result, either by providing a screen or device of some sort, to arrest or stop such pieces of metal, or in any other manner, as it could and would have done in the exercise of ordinary care in that behalf.

"That the defendant paper bag company also negligently failed to furnish a sufficient place or space as aforesaid to conduct the work said Devers agreed to perform for it under the alleged contract with him, for the reasonable safety of one operating the machine at which plaintiff was engaged at the time she was injured as aforesaid."

The bag company answered by demurrers, general denial, and special plea that Miss Bosworth was not its employé, but was in the employ of W. H. Devers, who was doing the printing as its independent contractor under an agreement between them, which was in hæc verba set out. By cross-plea it then impleaded the Western Indemnity Company and the Fidelity & Casualty Company, claiming them to be its indemnitors against the alleged cause of action, declaring that they both had denied all liability and refused to defend the suit, thereby breaching their bounden obligations to it, and praying that its right to indemnity against them be established, as well as for attorney's fees.

These two impleaded corporations appeared and answered for themselves, respectively denying indemnity liability to the bag company, refusing to defend or to have their own attorneys appear for it, and, among other matters not here deemed necessary of recitation, separately disclosing that under the terms of the policies severally issued by them to the bag company (the indemnity company could be held liable to it only in event Miss Bosworth was found to be the bag company's employé, and the casualty company only in case she was not so found.

As between the original defendant and the two companies it had thus brought in by virtue of the contractual relations declared upon, the matter of whose employé Miss Bosworth actually was at the time of her injury became very material. It appears that, upon the court's rejecting the form for the submission of that issue to the jury as prepared by one of the defendants, the plaintiff's attorney prepared a request embodying it, which the court gave under the style, "Special issue No. 1 requested by plaintiff." The jury answered that plaintiff was not the bag company's employé.

The findings in response to other issues submitted were as follows:

"(1) That a piece of metal from the saw machine flew into and injured plaintiff's eye on the occasion in question.

"(2) That the plaintiff was at that time engaged in the ordinary course of her service at the press machine.

"(3) That the defendant, Continental Paper Bag Company of Texas, pursuant to its alleged contract with W. H. Devers, furnished the space and place for the printing outfit used by said Devers in carrying out such contract.

"(4) That said defendant paper bag company, pursuant to its alleged contract with W. H. Devers, furnished as a part of the printing outfit the saw machine in question for use by said Devers in carrying out such contract.

"(5) That said saw machine was located and used on the occasion in question relatively to said press machine as said defendant paper bag company intended or might reasonably have expected it would be.

"(6) That said saw machine was located and used under the attendant circumstances too close to said press machine to make the working place of the operative of the press machine reasonably safe from danger of pieces of metal flying out from the saw machine.

"(7) That such proximity of said press and saw machines was caused by failure on the part of the defendant paper bag company to furnish a sufficient space for the printing outfit to make a reasonably safe working place in that behalf.

"(8) That such condition was due to negligence on the part of defendant paper bag company, that is, to a want of ordinary care on its part to furnish a reasonably safe place for the location and operation of such printing outfit.

"(9) That such negligence on the part of defendant paper bag company was a proximate cause of alleged injury to plaintiff on the occasion in question.

"(10) That the saw machine, located and constructed as it was, was so intrinsically or inherently dangerous, used as the defendant paper bag company intended or might reasonably have expected it to be, that injury would probably be occasioned thereby to the plaintiff or other operative of the press machine in question, from pieces of metal flying out of the saw machine, unless proper precaution was taken.

"(11) That said defendant paper bag company could have taken such proper precaution by pro-

viding a screen or similar device to arrest such pieces of material.

"(12) That its failure to do so, under the attendant circumstances, was negligence or want of ordinary care on its part.

"(13) That such negligence of the defendant paper bag company was a proximate cause of plaintiff's alleged injury.

"(14) That said saw machine was constructed in such manner that it was not suitable or reasonably safe for the use for which the defendant paper bag company furnished it to Devers, as alleged.

"(15) That said defendant paper bag company knew, or would in the exercise of ordinary care have known, of such defective condition of said saw machine.

"(16) That the defective condition of said saw machine was a proximate cause of plaintiff's alleged injury.

"(17) That the sum of money, paid at the trial, which would fairly and adequately compensate plaintiff for her alleged injury, taking into consideration exclusively, as elements of damage, mental anguish and physical suffering to her therefrom, and the reasonable value of her diminished capacity therefrom to labor and earn money in the future, was $8,000."

Upon this verdict the court gave judgment in the plaintiff's favor against the defendant Continental Bag Company, on May 28, 1918, for $8,000, with lawful interest thereon from that date until paid, and in favor of it, the paper bag company, a conditional judgment for $5,000, against Fidelity & Casualty Company of New York, the amount of its policy, with 6 per cent. per annum interest from May 28, 1918, contingent and enforceable only upon loss from payment of such amount to the extent of such loss so arising, and also in favor of it, the paper bag company, against both the Fidelity & Casualty Company and the Western Indemnity Company, in the sum of $200 for attorney's fees, on account of their breach to defend, with 6 per cent. per annum interest from the 28th day of May, 1918, and all costs of court adjudged against it, the paper bag company.

The finding that Miss Bosworth was not when injured an employé of the bag company having let the Western Indemnity Company out of the case, the other two corporations alone separately prosecute their appeals from the judgment described; they make common cause, however, in first presenting a solid phalanx of 12 identical assignments of error against it, all of which, though separately challenging the several special issues contained in the court's charge, as likewise its explanatory declarations of law, ground their attack solely on the contention that the jury's findings of fact had no support in the pleadings or the evidence, and that consequently the court's declarations of law did not fit the case as made.

The appellee herself, Miss Bosworth, while not admitting that Devers was an independent contractor, tried her cause below just

as if he had been; neither is the effect of her attitude in that respect in any wise different in this court, since she has presented no cross-assignment attacking the jury's finding that he was such, and insists that her recovery should stand whether he was or not. The case is therefore thought to be determinable here, in so far as that may affect it, upon the established fact that Devers was an independent contractor and that Miss Bosworth was in his employ.

The undisputed proof shows, however, that this independence of Devers as a contractor merely had application to the running of the printing outfit, or to the doing of the printing, and that the bag company furnished him the place and space for the equipment with which he was to do the specific work for it fixed in their contract, including the press and saw machines as essential parts of it. In these circumstances the court, in explanation of the term "negligence" as used in the special issues, thus charged the jury:

"(1) An original employer or owner is not ordinarily under duty of care to the employés of an independent contractor, nor liable to them for the acts or omissions of such independent contractor, to whom the work has been let, and over whom such original employer has retained no control or authority as to the mode or manner of doing the work.

"(2) But if an original employer or owner, pursuant to agreement with a contract, should furnish the space and a machine or machines to be used by the contractor's employés in doing the work for which the contractor is engaged, then the original employer would be under duty, inuring to the benefit of the contractor's employés in that behalf, to exercise ordinary care to furnish such as were reasonably safe, when used as such employer intended or might reasonably have expected.

"(3) Likewise, if an original employer or owner, pursuant to agreement with a contractor, should furnish the place and a machine or machines to be used in doing the work which the contractor is engaged to perform, and if the work done at such place and with such machine or machines, as contemplated to be done, should be so inherently or intrinsically dangerous that injury would probably be occasioned thereby to the contractor's employé or employés in the course of their service in doing such work, unless precautions were taken, then it would be the duty of the original employer or owner to such employé or employés to exercise ordinary care to take such proper precautions, although the contractor might also be under duty to them to take some necessary step or steps to avoid the danger."

Were these pronouncements of law erroneous as applied to the facts before the court? That in final substance is really the only question presented, in so far as the appellee is concerned, broken up and pressed in separate parts as it in common is by both appellants in their first 12 assignments; for all the litigants are in substantial accord as to both the general rule—and its recognized

exception—governing the liability, or the freedom from it, of an original employer for injury to one working for the former's independent contractor. It would therefore seem unnecessary to here do more than collate the authorities in which these principles are fully discussed and applied. As affecting the case at bar, this is thought to be an appropriate and adequate list: Southern Oil Co. v. Church, 32 Tex. Civ. App. 325, 74 S. W. 797, 75 S. W. 817; Cameron Mill & Elevator Co. v. F. M. Anderson, 34 Tex. Civ. App. 105, 78 S. W. 8, and 98 Tex. 159, 81 S. W. 282, 1 L. R. A. (N. S.) 198; North American Dredging Co. v. Pugh, 196 S. W. 255; 26 Cyc. p. 1553, subd. C.; also pages 1560, 1562, 1568–1570; 28 Cyc. p. 1569; Am. & Eng. Ency. of Law, vol. 16, pp. 196, 201, 204, 205; McLain v. Galveston, H. & H. R. Co., 195 S. W. 292, 293, 294; Thompson's Commentaries on Negligence, vol. 1, § 979; Davis v. Cam-Wyman Lumber Co., 126 Tenn. 576, 150 S. W. 545, 548; Jacobs v. Fuller & Hutsinpillar Co., 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 833.

We are not prepared to hold that prejudicial error appears, concluding rather that the facts presented bring this case well within recognized exceptions to the general rule that the original employer is not liable for injuries suffered by the employé of an independent contractor.

[1] As has already been stated, the appellant bag company not only agreed with and furnished to Devers for the very work he was doing the space and the machines—both the saw and press—in and with which to do it, but after its original agreement to that effect with him cut that space down by about one-third, so that, in operating them as he must in doing the printing thus contracted for, the two machines would necessarily be in much more dangerous proximity than was usual or customary, thereby presenting a perilous situation the company was both shown to have daily seen and known about, and must also be held to have reasonably anticipated; nor in these circumstances is it any answer to say, as both appellants do, that Devers, the independent contractor, and his foreman, Wilson, had entire charge and control over both machines, and that, if dangerous at all, they only became so by reason of their having placed and operated them too close together, because the undisputed proof shows that no other arrangement of the machines could have been made in the limited space so furnished for the purpose by the bag company without as great danger to other workers than Miss Bosworth.

Another equally ineffective defensive suggestion made is that Devers put other machinery than that furnished by the bag company into the restricted space it had left him, and thereby himself made dangerous what before was not. A complete answer to this is found in the affirmatively shown fact that the contract between them expressly provided and presumably anticipated that he would take in and do in that establishment other printing than the bag company's, thereby putting within the contemplation of the parties the possible or probable need of additional equipment with which to do it.

When to this situation is added the further uncontroverted fact that the saw machine was defectively constructed, in that it had no slide, thereby preventing the use of its hood in doing the special printing for which the bag company had furnished it, and as a consequence permitting the hot pieces of metal to fly off from it at will, unless precautions were taken, a clear duty, we think, was imposed upon the bag company of anticipating the probability of just such an injury as occurred and of properly providing against it. And if that be true, liability settled upon it from this circumstance alone, because it was shown that a screen or device for arresting the flying pieces of metal could easily have been used but was not.

Indeed, we think the operation in such close proximity of two electrically equipped machines of a modern printing outfit, furnished under the circumstances and in the condition stated, and congested into a totally inadequate space for the agreed purpose of being run so as to do a prearranged quota of actual printing—not to remain still as mere ornaments—created a situation "intrinsically or inherently dangerous," or "dangerous of itself," within the meaning of those terms as used in the Anderson and Pugh Cases (supra, 98 Tex. 159, 81 S. W. 282, 1 L. R. A. [N. S.] 198, and 196 S. W. 255), and that the conceded failure of appellant bag company to take available precautions convicted it of actionable negligence toward the appellee.

While we are neither prepared to hold that any of the jury's quoted findings lacked support in the pleadings or evidence, nor that either of the two separate and independent declarations of law by the court was inapplicable to the case as made, still the judgment should stand if one or the other of the legal rules there stated properly applied to any one of the several groups of actionable facts alleged and found, which we think it clearly did.

Accordingly, it has not been thought essential that separate and detailed discussion of each of the assignments affecting the appellee be had, all of which, under the conclusions stated, must be overruled.

As between the two appellants, the Casualty Company contends that no liability was brought home to it under the terms of the indemnity policy it issued to the bag company, and that it should have had a peremptory instruction to that effect.

The policy contained these stipulations:

"The Fidelity & Casualty Company of New York, hereinafter called the company, does here-

by agree to indemnify the persons, firm or corporation, named in statement one of the schedule of statements, and hereinafter called the assured, against the loss from liability imposed by law upon the assured, for damages on account of bodily injuries or death suffered as the result of an accident, occurring while this policy is in force, by any persons while within the premises designated in statement four of said schedule, or upon the sidewalk or other ways immediately surrounding the same, provided for the use of the assured's employés, or the public;

"(2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim whether groundless or not, for damages on account of bodily injuries, or death suffered, or alleged to have been suffered by any person or persons at the place designated in the preceding paragraph, and as a result of an accident occurring while this policy is in force."

Condition K. "No action shall be brought against the company under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within two years from the date of such judgment, to wit, for a loss that the assured has actually sustained by the assured's payment in money—(a) of a final judgment rendered after a trial in a suit against the assured; (b) of the expenses (excluding any payment in settlement of the suit or judgment) incurred by the assured in the defense of a suit against the assured. The company does not prejudice by this condition any defenses against such action that it may be entitled to make under this policy."

"Statement seven: The premises designated above are used for the following purposes: Store and warehouse.

"Statement eight: The assured conducts no business on the premises except as follows: Store and warehouse."

It is insisted, first, that the casualty company's admitted antecedent denial of liability to and its subsequent refusal to defend the suit on behalf of the bag company did not, under these provisions—since no judgment against the assured for the injuries received by Miss Bosworth had been procured —subject it to proper demand for payment of the policy until that had been done, nor amount to a waiver of the stipulation appearing in the quoted condition K; second, that the operation of a printing press within premises designated in the policy as "store and warehouse," and in which the assured was to conduct no business "except as store and warehouse," violated the terms of the indemnity contract, which did not cover injuries received by one employed at a printing press.

[2] We think the first of these contentions is settled adversely to the position thus taken by the United States Supreme Court in the case of St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712.

[3] The second one is met by the fact that the trial court, under circumstances which we think the record fails to show amounted to any abuse of its discretion, permitted the bag company to both allege and prove:

"That the printing of bags and paper is a necessary part of the business of the store and warehouse of defendant bag company, is so established by custom, and of necessity so, from the fact that the printing required with each order varies with the name, location, and character of business of each customer, and that it is impossible to anticipate orders further than to equip the store with the unprinted bags and machine to print such words on such quantities as are ordered by the trade."

Pursuant to the views expressed, it is determined that the judgment entered below should be in all things affirmed as to all parties, and it is so ordered.

Affirmed.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes