**MONTGOMERY et al. v. GARZA. (No. 7661.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1927.)

1. Master and servant ⬤⟹315—One having work done by independent contractor is not liable for negligence except where work is intrinsically dangerous.

Generally, one having work done by independent contractor is not liable for negligence, except where contract directly requires performance of work intrinsically dangerous.

2. Highways ⬤⟹200—Contractor for construction of county road letting work to independent contractor held not liable for damages arising from impassable condition during construction.

Where defendant, having contract with county for construction of road, contracted with independent contractors providing that work was to be done at risk and in capacity of independent contractors, mail carrier *held* not entitled to damages resulting from impassable condition of road as against original contractor, in absence of proof showing any ground for special damages or that work was inherently dangerous.

Appeal from Starr County Court; H. Garza, Jr., Judge.

Action by Andres G. Garza against W. T. Montgomery and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

J. D. Dodson and U. S. Algee, both of San Antonio, for appellants.

Lee Minner, of McAllen, and E. L. Gammage, of Rio Grande City, for appellee.

COBBS, J. Appellants W. T. Montgomery and L. B. Caruthers were sued by appellee to recover damages done to his automobile truck, alleging:

"That he was a mail carrier under contract with the government of the United States for

the transportation of mail from the city of Sanfordyce, in Hidalgo county, to the city of Roma, in Starr county, and that by reason of said contract was required to traverse twice daily that portion of the highway between Roma, in Starr county, and that by reason of said contract was required to traverse twice daily that portion of the highway between Roma and Rio Grande City, that was covered by a contract for the grubbing and grading entered into between the 'defendants' and Starr county on the 1st day of April, 1924."

It was further alleged:

"That appellants disregarded that part of said contract with Starr county in which they were required to keep said road in proper condition for travel while under construction so as to inconvenience said public as little as possible, and 'have neglected and failed to keep said road passable, but have permitted same to remain full of chugholes, potholes, and have left steep embankments, and have failed to level same and keep same in a passable condition, or in the condition that same might have been kept, and leaving same in a rough and dangerous condition, and violating their contract with Starr county, and to the great damage and injury of this plaintiff, who was forced and compelled to traverse, and travel over said road.'

"Appellee further alleged that he was compelled to and did use a Ford truck in carrying mail and traveling over said road and highway, and that by reason of the condition that said highway was left and kept in by appellants, said motor truck became damaged and rendered worthless and useless, and that many.parts were broken, and that in an attempt to keep said truck in proper condition to operate same he spent $185 for parts and $240 for labor for same, all 'by reason of the neglect and failure of these defendants to comply with their contract with Starr county to keep said road in proper passable condition.'

Appellee further alleged that when appellants began work on the road his motor truck was of the reasonable value of $700, and that by reason of driving same over roads in their condition as left by appellants, his truck was practically rendered useless and worthless and damaged in the sum of $500, and prayed for damages in the total sum of $925."

Caruthers answered by demurrer and general denial. Montgomery answered by demurrer and special answer, and additionally alleged and pleaded "that the construction of that part of the road between Rio Grande City and Roma which appellant had undertaken to construct under contract with Starr county was in fact done by J. S. McNiel and E. B. Witmer under contract between appellant Montgomery and said persons whereby they agreed in writing to construct that portion of said road in the capacity of independent contractors, and that they were engaged thereon at all times alleged in appellee's petition, furnishing their own equipment and labor and performing said work in fact by the terms of said contract, and that the acts complained of by appellee were not acts which in themselves were inherently dangerous."

Upon the trial the cause was submitted upon two special issues, and upon the answer of the jury to such issues, judgment was rendered in favor of plaintiff for $250.

None of the others named were made parties to this suit, appellee relying for recovery against appellants alone under the contract appellants made with the county for constructing the road.

This case has been well and carefully briefed by appellants, and we will rely largely upon it, since appellee has not thought it necessary or of sufficient importance to brief so as to aid the court in the examination and disposition thereof.

While it is true that the road while so under construction was maintained for passable travel, though rough, Caruthers was not a partner with Montgomery; he was only his agent and superintendent.

Appellant L. B. Caruthers testified:

"I know about the contract for the building of the road. Mr. W. T. Montgomery, of San Antonio, Tex., had the with Starr county to construct the road—that is, do the grubbing, clearing, grading, and graveling. Mr. Montgomery did not do the work covered by his contract. He sublet it to J. S. McNiel and E. B. Witmer. McNiel and Witmer did the work as independent contractors. I was Mr. Montgomery's agent during the time the road was being constructed —was working for him on a salary. It was my duty to watch the work and report to Mr. Montgomery from time to time the progress being made by McNiel and Witmer. There was a time limit in Mr. Montgomery's contract as to when the work should be finished. I also checked up the estimates and received the estimates and drew the money for Mr. Montgomery from the county on the estimates and paid McNiel and Witmer on the estimates as provided in their contract with Mr. Montgomery. I had no control over McNiel and Witmer as agent of Mr. Montgomery. They hired their own men. It was necessary for Mr. Montgomery to keep in touch with the progress of the work and receive estimates, etc. This was what I did."

It is not seen or shown that appellee was put to any more or greater inconvenience than the general public was or any other citizen who traveled over the public road, nor that the work was intrinsically dangerous. The inconvenience was common to all. It is not seen that the officials of the county, who had the road under construction and observation, did or had any cause to complain.

[1] The appellants, under the sanction of the county as well as by acquiescence, were permitted to and did contract with and sublet the entire building of the road to J. S. McNiel and E. B. Witmer as independent contractors. The general rule is that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter. Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198. The exception to the rule announced in the case cited that the

original is liable .where the contract directly requires the performance of a work intrinsically dangerous.

There is no such allegation or proof of negligence in the work as would entitle appellee to recover damages from appellant because of any breach of the contract with Starr county, nor that the work was inherently dangerous. Cameron Mill & Elevator Co. v. Anderson, supra.

[2] Appellee was not a party to that contract; whether it inured to his or any other citizen's benefit similarly situated the proof does not show any ground for special damages. The independent contractors, if liable at all for the bad construction claimed, were not parties to this suit. The subcontract provided that all work done by the subcontractors under the contract was to be done at the risk and in the capacity "as an independent contractor."

Upon full consideration of this case, we do not find any evidence that shows any ground for recovery against appellants, and the court erred in not instructing a, verdict for appellants. We sustain all the assignments of appellants. .This leads to a reversal of the judgment of the trial court, which is here now reversed and judgment is accordingly rendered for appellants.