## L. E. WHITHAM CONST. CO. v. WILKINS.

### No. 1514.

Court of Civil Appeals of Texas. Eastland.

Jan. 31, 1936.

Birkhead, Beckmann, Stanard & Vance, of San Antonio, for appellant.

Alfred Petsch, of Fredericksburg, Walter Petsch, of Kerrville, and Hull & Oliver, of San Antonio, for appellee.

GRISSOM, Justice.

Joe Wilkins, as plaintiff, instituted this suit in the district court of Kerr county against N. P. Turner and the L. E. Whitham Construction Company as defendants, alleging, in substance, that while he was driving an automobile on a public highway in Kerr county, Tex., a truck loaded with hot asphalt, driven by a servant, agent, and employee of the defendants, negligently collided with his automobile, causing the

plaintiff serious injuries and demolishing his automobile. The petition alleged Turner to be a resident of Bexar county, and alleged L. E. Whitham Construction Company to be a corporation with its office and principal place of business in Wichita county, Tex. Whitham Construction Company duly filed its plea of privilege to be sued in Wichita county, which plea of privilege was controverted by plaintiff. The controverting plea consisted of a condensed statement of the cause of action alleged in his petition, and further referred to the petition and made it a part of such affidavit by reference. At the time of the hearing of the plea of privilege the defendant Turner had not been served with citation and the return on the citation issued for him to Bexar county showed that he could not be located in said county, but the sheriff had been informed that he resided in Marlin, Tex. The controverting affidavit alleged that the collision occurred in the nighttime while the truck, alleged to be driven by an employee of the defendants, was being driven on its wrong side of the road without lights. The construction company's plea of privilege was overruled by the court; it duly excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio, and the case was thereafter transferred by the Supreme Court to this court.

On the hearing of the plea of privilege and controverting affidavit, it was proved that a collision occurred and the plaintiff was injured; that the defendant Turner owned the truck colliding with the plaintiff's automobile; there was evidence that such collision occurred in the nighttime while such truck was being operated on the left-hand side of the road without lights. It was established by the evidence that the construction company had a contract with the state highway department for the building of a considerable portion of the road on which the plaintiff was driving at the time of his injury. It was also established that Turner had subcontracted the heating, hauling, and application of the asphalt at the place of the injury. The evidence established that as to such work Turner was an independent contractor. The roadbed at the place of the injury had been prepared by the construction company and was ready for the application of the asphalt by Turner, and he was at the time in question engaged in the performance of his part of the contract.

The plaintiff, Wilkins, apparently relied upon subdivision 9, of article 1995, R.S. 1925, as the exception to the general venue statute for his right to maintain his suit against the construction company in Kerr county. The construction company admittedly has its office and place of business in Wichita county. Subdivision 9 reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

The court by its judgment impliedly held that the plaintiff had established the exception to the venue statute contained in subdivision 9, or some other exception contained in said article.

The evidence introduced was sufficient to establish that a trespass was committed in Kerr county by the agent or employee of the defendant Turner, but we deem it wholly insufficient to connect the construction company with such trespass. As heretofore stated, the evidence showed that at the time of the accident the independent contractor, Turner, was engaged in the performance of his contract for applying the asphalt to the road in question, and that it was Turner's truck containing asphalt and carrying it out for distribution on the highway which collided with the plaintiff. It is not shown who the driver of the truck was.

In the recent case of Compton v. Elliott (Tex.Com.App.) 88 S.W.(2d) 91, 93, Judge Smedley, in an opinion adopted by the Supreme Court, speaking of exception 9, said: "The venue facts, therefore, which plaintiff is required to plead and prove, are that the crime or offense alleged was committed and that it was committed in the county where the suit is pending. The substance of this exception of article 1995 is that venue may not be maintained in a county not the domicile of the defendant unless the crime, offense, or trespass upon which the suit is based was committed in such county. Proof of the fact of the commission of the crime, offense, or trespass is as essential as is proof of the place where it was committed. The commission of the crime, offense, or trespass is under the terms of this exception a part of the venue facts."

As applicable to the facts of the instant case, we think it must necessarily be added that proof must be made that the trespass was committed by the defendant

claiming its privilege to be sued in the county of its residence, or by some person for whose act it is legally responsible. We believe that the plaintiff failed to prove facts that would authorize the maintenance of this suit against the appellant construction company outside the county of its residence under such exception 9. Compton v. Elliott (Tex.Com. App.) 88 S.W.(2d) 91 and Id. (Tex.Civ. App.) 55 S.W.(2d) 247; Stephens et ux. v. Hannah Const. Co. et al. (Tex.Civ.App.) 81 S.W.(2d) 729; Seabolt v. Goforth et ux. (Tex.Civ.App.) 80 S.W.(2d) 1051.

It is uncertain on what exception or exceptions to article 1995, other than subdivision 9, plaintiff relies to hold the defendant construction company in Kerr county, if any. It is suggested that he relies upon exception 29a as added by Acts 1927, 40th Leg., First C.S., p. 197, ch. 72, § 2 (Vernon's Ann.Civ.St. art. 1995, subd. 29a) which reads: "(Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

If it be conceded that the plaintiff has established by proof the right to maintain its suit against Turner because of a trespass committed in Kerr county by his employee, it does not result that the suit can under the above exception be maintained against the construction company in said county.

The Commission of Appeals in an opinion by Judge Harvey in the case of First Nat. Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.(2d) 756, 757, in discussing subdivision 29a of article 1995, said: "It is reasonably clear that the term 'necessary parties' is used in the new exception in the strict sense of the term; that is to say, as embracing 'only those persons without whose presence before the court no adjudication of any of the subject matter involved in the litigation can be had.' Townes Texas Pleading (2d Ed.) 258."

It will not be contended under the facts of the present case that the liability or not of Turner cannot be litigated in the absence of the construction company as a party defendant. Since the evidence does not show a trespass committed by the construction company, our attention has not been directed to any exception to the general venue statute applicable to the present situation which would sustain the judgment of the court in overruling the plea of privilege of the construction company. In the absence of evidence to show that the driver of the truck was an agent of Whitham Construction Company, there was no evidence to show that the cause of action was such that Whitham Construction Company was a necessary party to the suit.

But the plaintiff (appellee here) in his brief contends that, under the facts of this case, notwithstanding the work was being done by an independent contractor, the construction company is liable for the tort alleged to be committed because it asserts that the work being done was "of such an inherently dangerous nature that his (the Construction Company's) duty to protect the public traveler on the public highway at the time is a nondelegable one, and venue of such action is properly laid in the county where the injury occurred." For the same reason he contends that the construction company is responsible "regardless of the fact that the agent who actually committed the act at the time was on the payroll of the sub-contractor." He cites cases which, we think, sustain the proposition generally, but which we do not consider applicable to the facts of the instant case. The cases cited are Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 1 L.R.A.(N.S.) 198; Moore & Savage v. Kopplin (Tex.Civ. App.) 135 S.W. 1033; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R. A.(N.S.) 758.

On the contrary, we think the following authorities are applicable to the facts disclosed by the evidence: Ewing v. Litzmann (Tex.Civ.App.) 188 S.W. 742 (writ refused); Wilson v. Crutcher (Tex.Civ. App.) 176 S.W. 625 (writ refused); Harris v. Farmers' & Merchants' State Bank of Ranger (Tex.Civ.App.) 239 S.W. 1027. Also, see Allen v. Republic Bldg. Co. (Tex. Civ.App.) 84 S.W.(2d) 506.

It is unquestionably the general rule that an employer is not responsible for the trespass or negligence of an independent contractor. It is equally true that an exception to that rule is found where the work is of an inherently or intrinsically dangerous character, but the "burden of bringing his case within an exception to the general rule exempting an owner or employer from liability for the contractor's negligence rests upon the plaintiff." 23 Tex.Jur. p. 562.

We hold that the plaintiff has not established that the work delegated to Turner under his contract is of an inherently or intrinsically dangerous character. The work to be done by Turner was simply to do the heating and hauling of the asphalt and applying it to the roadbed. It was not necessary, nor do we think it can be inferred from the contract between the construction company and Turner, that it was intended that such hauling should be done in the nighttime, or on the wrong side of the road, or by a truck without lights. The injury here complained of was not occasioned by the nature of the work required to be done under the subcontractor's contract, but resulted from the manner and method of performing the work, which manner and method was in nowise controlled by the construction company. Indeed, the contract provided in connection with the time within which the subcontract was to be performed and in fixing a "working day" that such day would consist of "7 hours between 7 a. m. and 6 p. m."

In Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 1 L.R.A. (N.S.) 198, which opinion is relied upon by appellee, the Supreme Court, in an opinion by Chief Justice Gaines, said: "As we understand, the general rule is that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter, but to this rule there is a well-marked exception. So far as we have seen, the limitation of the rule has been by no one better expressed than by Judge Dillon. He says: 'The general rule is stated in the preceding section, but it is important to bear in mind that it does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such a case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.' 2 Dillon's Mun. Corp. par. 1029."

The work here required to be done by the independent contractor by his contract with appellant certainly did not "directly (require) the performance of a work intrinsically dangerous, however skillfully performed." If appellee's testimony be accepted, it discloses that it was not the work directly required to be done by the independent contractor which caused the injury, but the lack of skill in performing it; the negligence of the independent contractor's employee in driving a truck on the highway loaded with asphalt in the nighttime, without lights, and on the wrong side of the road. These acts were clearly not contemplated by the contract.

█ It is further contended by the appellee that the issue of agency was raised, and that the testimony shows that the construction company exercised supervision and control over the material details of the entire job of the repairs of this highway, and contends that by virtue of the authority of Haynes v. Taylor (Tex.Com.App.) 35 S.W.(2d) 104, we should hold Turner was not an independent contractor. No statement of the testimony deemed sufficient to sustain this contention is set out in the appellee's brief. We have made a careful study of the statement of facts, and the only testimony that we have found that could be in any manner so construed is the statement of the highway inspector referring to the construction company, as follows: "He had a superintendent to see N. P. Turner fulfilled the specifications." Further than this general statement we find no such evidence, and we so construe the entire statement of said witness to negative the contention of the appellee.

The witness testified that said superintendent did not give orders as to when, and why, and where the asphalt should be applied to the road. That he did not determine when the base was ready for the application of the asphalt; that such was the duty of the witness, not of the person referred to as superintendent; that "Mr. Turner's men would direct the application of the asphalt"; that the witness and other employees of the state highway department "gave orders to Nat Turner's foreman." The witness testified, further, that the asphalt was to be placed on the road under a certain temperature; that it was to be distributed in a certain thickness, and he was asked:

"Q. Who is responsible to see to it, to see that that distribution was laid under those conditions? A. That was my responsibility.

"Q. But who did you hold responsible for it? A. Well, the distributor operator was responsible.

"Q. Who was he working for? A. N. P. Turner."

"The test by which to determine whether one who renders service for another is an independent contractor or an agent or servant depends upon the control and direction which the person for whom the service is

rendered has over the work, if such control is limited to the result, and does not extend to the details or the means by which the result is to be accomplished, the relation of master and servant does not exist.

"None of the provisions of the contract above set out gave Herman or his architects any right to control or direct the contractors as to the method or means by which the work was to be accomplished. The power of direction and control given the architects related only to the character of material and workmanship used in the erection of the building, and in no manner authorized any interference on their part as to the means by which the work was to be accomplished. Under this contract it must be held that the construction company were independent contractors, and appellants' decedent was not liable for injuries caused by their negligence. Cunningham v. International Railroad Co., 51 Tex. [503] 509, 32 Am.Rep. 632; Smith v. Humphreyville, 47 Tex.Civ.App. 140, 104 S.W. 495." Ewing v. Litzmann (Tex.Civ.App.) 188 S. W. 742, 744 (writ refused).

Furthermore, such matters were not pleaded, and, if alleged and proved, would not show a trespass.

· We are of the opinion that the court erred in overruling the plea of privilege of the defendant L. E. Whitham Construction Company, and that the cause as to said defendant should be transferred to a district court of Wichita county. The judgment of the district court is reversed, and so rendered.