**Philip FISHER, Appellant,**

v.

**Ben F. SHIPP, Appellee.**

**No. 7772.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1966.

Rehearing Denied Dec. 27, 1966.

Paul W. Persons, Baker, Botts, Shepherd & Coates, Houston, for appellant.

John L. Hill, W. Douglas Matthews, Jr., Robert L. Steely, Brown, Kronzer, Abraham, Watkins & Steely, Houston, for appellee.

CHADICK, Chief Justice.

In this common law tort action the trial court awarded the plaintiff $10,000.00 to compensate for injury and expense negligently inflicted on him by the defendant. The judgment of the trial court is reversed and the case is remanded.

Evidence was offered in the trial court that plaintiff B. F. Shipp received injuries on May 23, 1963, that were permanent in nature. The impairment of plaintiff Shipp's future earning capacity became an issue under the pleading, proof and jury submission. Preceding the introduction of evidence in the trial court, counsel for Shipp, by motion in limine, secured an order from the trial judge forbidding defendant's counsel from eliciting testimony "That plaintiff Ben F. Shipp has ever had a heart attack, or has been hospitalized on any occasion before May 23, 1963". Appellant's counsel complied with the court's order, but was permitted out of presence of the jury to tender evidence on a bill of exception showing Mr. Shipp had been afflicted with a circulatory disease since 1955, was treated for a blood clot in his leg soon after that date, and that on January 12, 1960, suffered a "full blown" heart attack. Hospitalization and treatment followed the blood clot and heart stroke, along with medical advice to "quit smoking", "not to sit around", and "not to over-exert".

The excluded evidence of Shipp's circulatory ailment, heart condition, and the associated facts was admissible. Evidence of plaintiff's health and physical condition prior to injury would have been useful to the jury in this instance in determining the life expectancy of the injured party and the effect of that expectancy on the party's future earnings. Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282, 1 L.R.A.,N.S., 198 (1904); Chemical Express v. Cole, 342 S.W.2d 773 (Dallas Tex.Civ.App.1961, writ ref'd n. r. e.); 17 Tex.Jur. 2d Damages § 272; 22 Amer.Jur. Damages § 95. The trial court erred in excluding the evidence.

When the entire record is considered, the practical result of the exclusion of this evidence is perceptible. Shipp's counsel introduced in evidence a mortality table showing the average life expectancy of a person of Shipp's age, race, and sex was 22.3 years. In summation before the jury Shipp's counsel employed a unit of time argument to demonstrate future damage. The exclusion of the evidence of health prior to injury permitted the jury to determine and assess Shipp's damages without giving consideration to his prior health and its effect, if any, on his life expectancy. The argument took advange of the absence of such evidence and exacerbated the harm. Exclusion of the evidence violated appellant's rights to introduce relevant testimony and, under the circumstances shown, was reasonably calculated to, and probably did, cause the rendition of an improper judgment.

The judgment of the trial court is reversed and the case remanded.