Oscar GRAGG, Appellant,

v.

D. H. ALLEN et al., Appellees.

No. 5134.

Court of Civil Appeals of Texas, Waco.

May 4, 1972.

Rehearing Denied June 8, 1972.

Naman, Howell, Smith & Chase (Hilton H. Howell), Waco, M. M. Ottea, Jr., Hearne, for appellant.

Dawson & Dawson, Leighton B. Dawson, Jack K. Smith, Corsicana, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Gragg from an order of the trial court overruling his plea of privilege to be sued in the county of his residence, Anderson County.

Thirty plaintiffs brought suit against defendants, Gragg (owner of a ranch in Freestone County), and Corpora Aerial Service, alleging defendants "did spray or cause to be sprayed" by airplane in Freestone County herbicides known as 2,4–D, and 2,4,5–T which drifted or were carried by wind currents from the land of defendant Gragg to the lands of plaintiffs, where the herbicides damaged plaintiffs' cotton crops.

Gragg filed his plea of privilege to be sued in Anderson County, the county of his residence. Plaintiffs controverted asserting venue maintainable under Exception 9a, Article 1995 Vernon's Ann.Tex.Civ.St.

Trial was before the court, which overruled Gragg's plea of privilege.

Gragg appeals, contending the trial court erred in overruling his plea of privilege because:

1) There is no evidence or insufficient evidence that defendant Gragg or any servant, agent or representative of his acting within the scope of his employment committed a negligent act proximately causing plaintiffs' damages.

2) Defendant Gragg personally committed no act of negligence proxi-

mately causing damages sustained by plaintiffs, and as a matter of law Corpora Aerial Service was an independent contractor of defendant.

Defendant Gragg employed defendant Corpora Aerial Service to apply by aircraft herbicides known as 2,4–D and 2,4,5–T to his ranch in Freestone County during May and June 1970; same was done by Corpora under high wind conditions, and the wind was blowing from a south or southeasterly direction on each of the days Corpora was spraying, in the direction of plaintiffs' farms. The atmosphere was heavy with the herbicides during the spraying operation, and same drifted in the atmosphere for several miles. Plaintiffs' lands are located north and northwest of the Gragg ranch, the nearest plaintiffs' cotton crop being 3 to 5 miles from the Gragg ranch. Shortly after the spraying, the cotton on plaintiffs' land showed signs of damage by herbicides. Gragg supervised certain aspects of the spraying activities; Corpora "did whatever Mr. Gragg said", and "whatever he told you to do". Gragg furnished the poisonous 2,4–D, and 2,4,5–T herbicides used in the spraying operation; was present "almost on every day that we sprayed"; and directed where to spray, and the formula to be used.

The record is ample to sustain the implied finding of the trial court that an act of negligence was committed in Freestone County which proximately caused damage to plaintiffs. And under the record we think the trial court authorized to believe Gragg had the right to control Corpora in the spraying operation, but such is not essential to our determination of the case.

■ Assuming Corpora was an independent contractor, the judgment is correct.

The record reflects that the use of aerial application of poisonous herbicides as 2,4–D, and 2,4,5–T are extremely dangerous, especially when conducted around or near broad-leaf plants as cotton.

■ And an employer is liable for injuries caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is inherently or intrinsically dangerous. Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S.W. 282; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089; Loyd v. Herrington, 143 Tex. 135, 182 S.W. 2d 1003; Cage v. Creed, CCA, NWH, 308 S.W.2d 78; 30 Tex.Jur.2d p. 516; 41 Am. Jur.2d p. 805; 23 A.L.R., p. 1084; 24 A.L. R.2d p. 290.

Our Supreme Court in Cameron Mill, supra, states the rule thusly:

"As we understand, the general rule is that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter, but to this rule there is a well-marked exception. * * * 'The general rule is stated in the preceding section, but it is important to bear in mind that it does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such a case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.' "

And 41 Am.Jur.2d p. 805 supra states:

"As an exception to the general rule of nonliability of an employer for the torts of an independent contractor, an employer is liable or cannot escape liability for injuries caused by the failure on an independent contractor to exercise due care in the performance of work which is inherently or intrinsically dangerous. Under this exception, the owner or contractee is responsible for injuries to a third person caused by work done by an independent contractor, where the contract directly requires the performance of work inherently or intrinsically dangerous, however, skillfully done."

The evidence establishes, as noted, that the aerial spray of herbicides is extremely dangerous, especially when used near cotton. The cases are legion holding that the aerial spraying of chemical defoliants and herbicides are activities having such potential for injury as to be classed as inherently dangerous. Gerrard v. Fricker, S.Ct., Arizona, 42 Ariz. 503, 27 P.2d 678; Loe v. Lenhardt, S.Ct., Oregon, 227 Or. 242, 362 P.2d 312; Pannella v. Reilly, 304 Mass. 172, 23 N.E.2d 87; Hammond Ranch Corporation v. Dodson, S.Ct., 199 Ark. 846, 136 S.W.2d 484; Emelwon v. United States, 5th Circuit, 391 F.2d 9; and Leonard v. Abbott, CCA, 357 S.W.2d 778 (Reversed on other grounds 366 S.W.2d 925).

Defendant's points are overruled.

Affirmed.